381 So.2d 1024 (1980)
Lamark NORMAN
v.
STATE of Mississippi.
No. 51762.
Supreme Court of Mississippi.
March 19, 1980.
Rehearing Denied April 16, 1980.
*1026 Jerome L. Lohrmann, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, BROOM and COFER, JJ.
*1025 COFER, Justice, for the Court:
Appellant was, in the Circuit Court of the First Judicial District of Hinds County, convicted of a charge of conspiracy with some sixteen other persons to commit the crime of selling heroin, a violation of Mississippi Code Annotated, section 41-29-139(c) (Supp. 1979). He received a sentence of years, as prescribed in cases of convictions under Mississippi Code Annotated, section 97-1-1 (1972), and has appealed therefrom.
He assigns four errors, some of them troublesome, on which he seeks a reversal:
I. The trial court erred in overruling appellant's plea in bar based upon the Mississippi statute of limitations, Section 99-1-5, Mississippi Code of 1972.
II. The trial court erred in admitting into evidence over appellant's objections, inculpatory hearsay statements of a co-conspiracy which had not been and was not established by competent evidence.
III. The trial court erred in refusing to instruct the jury on appellant's defense of drug addiction.
IV. The verdict of the jury is contrary to the weight of the evidence and the trial court erred in overruling appellant's motion for a directed verdict of acquittal and motion for new trial.
After the court had denied the defendant's plea in bar based upon Section 99-1-5, the state introduced six witnesses, of whom one, Dr. Hume, was from the crime laboratory, and two were or had been undercover agents for the State Bureau of Narcotics. Margaret Jean Phillips, the first of all of the witnesses, testified, over appellant's repeated objection, to statements made to her, by Roddy Crooks, Jr., out of the presence and hearing of appellant, touching *1027 upon the involvement of appellant in the alleged heroin-selling ring. From the record the conclusion is warranted that Crooks' heroin and cocaine peddling was over a considerable area which included Jackson and Rankin County, and the Phillips witness' testimony was that Crooks told her that appellant was the heroin distributor for him in Jackson. She testified to a number of heroin-transferring meetings between her and one Sandy Roberts, known by her as appellant's wife. She never met nor had dealings with appellant, her only knowledge of him being through Crooks. Her dealings with Sandy Roberts were in 1976 to a date late in that year. The witness testified that in the spring of 1977, she began some illicit heroin delivery contacts with one Gertrude Irvin, a co-indictee who was being tried jointly with appellant. Her last delivery for Crooks was in Memphis late in 1977.
Jimmy Hargrove testified that Crooks rented an apartment in Jackson, where, beginning in September 1975, the witness and others received orders for heroin and cocaine and delivered them in cars which had been bought by Crooks for that purpose. Between September 1975 and December 1975 he had contacts with appellant who was one of their customers, and the witness would carry orders of heroin to him at his house or at a rendezvous near Ellis Avenue; larger amounts being for someone else or smaller amounts for appellant himself. During this time, the witness went to defendant Gertrude Irvin's house to get supplies of heroin or cocaine left by Crooks with her, which he then delivered to customers. The witness had been convicted of selling drugs to undercover agent Steve Mallory in furtherance of the conspiracy. His last contact with appellant was in 1975.
Hazel Willis testified that Crooks had led her into the use of heroin, and she bought the drug from him several times. Her habit became such that drugs to the cost of $400 to $500 per day were necessary to satisfy her. She had many contacts with defendant Gertrude Irvin on Fannin Road in Rankin County, to buy heroin for customers or for herself. She estimated that from 1975 to the middle of 1976, when the witness went to New Orleans to be broken of the drug habit, she bought heroin from Gertrude Irvin 150 times or more. This witness said of drug addiction, "Mister, when you've got a habit on drugs, you are under it until you are completely off of it."
Undercover Agent Steve Mallory told of buying an amount of heroin from appellant on February 8, 1976, or late the night before, at a place on Fannin Road in Rankin County, some fifty yards south of the residence of defendant Gertrude Irvin. He testified to the details of this transaction, and of his intention to avail himself of the possible opportunity to be brought by appellant into direct contact with appellant's "source," which opportunity was ruined by Mallory's identity having been exposed. He testified that appellant and others were together in front of Gertrude Irvin's house and that she joined them there.
Appellant's own firsthand activity ended in the record at this point.
James E. Brantley, an agent for the Mississippi Bureau of Narcotics, testified that, as an undercover agent, he had contact with, and obtained heroin for resale from, defendant Gertrude Irvin on March 14, 1977, March 15, 1977, and March 17, 1977. As detailed above the witness Margaret Jean Phillips began illicit dealings with Gertrude Irvin in the spring of 1977.
There was a stipulation between the state and the appellant that, between September 1, 1975, and July 19, 1976, appellant was addicted to the use of heroin, that this use was involuntarily ended by his incarceration subsequent to July 20, 1976, and that at "all times relevant to these criminal proceedings, as they pertain to Lamark Norman," he was a heroin addict.
On this stipulation appellant undertook to procure this instruction; and assigns as error the court's refusal thereof:
You are instructed that mere voluntary intoxication is not ordinarily a defense to a criminal charge and is a defense when such intoxication exists to a degree or extent which renders an accused incapable *1028 of forming the necessary intent to commit the crime charged and incapable of knowing right from wrong and if you believe from the evidence that the defendant, Lamark Norman was at all times relevant to the charge against him, addicted to the use of heroin to the extent that he was incapable of forming the necessary intent to commit the crime of conspiracy to sell heroin and incapable of knowing right from wrong at the time of the alleged offense then you must find the Defendant Lamark Norman not guilty.
The proof is silent as to appellant's incarceration, other than the stipulation just above noticed.
At the conclusion of the state's proof, appellant moved for a directed verdict renewing his claim that there was no competent evidence that the defendant conspired with anybody named in the indictment to sell heroin from March 28, 1976, (two years prior to the conspiracy indictment which was returned at the March 1978 term and marked filed on March 28, 1978); and that the latest activity therein was shown to have been February 8, 1976, (date of his transaction with Agent Mallory). He also pleaded that a conviction would amount to double jeopardy "inasmuch as the defendant was convicted of selling heroin in the Circuit Court of Rankin County, Mississippi, and is now serving a thirty year sentence, fifteen of which have been suspended and fifteen of which he is now serving in the State Penitentiary." (There is no proof in the record to sustain this allegation of conviction). The motion was overruled.
Only the stipulation above noticed was introduced for the defendant Norman, and no witness was called in his behalf.
We note certain legal principles which we consider to be controlling in this case, and particularly bearing upon appellant's assignments of error.
The indictment charged that the defendants named therein "... on or about September 15, 1975, ... did wilfully, unlawfully, and feloniously conspire, combine, confederate and agree together and with each other ... to commit a crime ... that is, to sell a controlled substance, namely heroin... ."
The statute, Section 97-1-1, makes a conspiracy of two or more persons to commit a crime a criminal offense.
A conspiracy is said to be a combination of persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully. Mississippi Power & Light Co. v. Town of Coldwater, 234 Miss. 615, 636, 106 So.2d 375 (1958).
A conspiracy is a complete offense, Ellis v. State, 326 So.2d 466, 468 (Miss. 1976), and the crime is completed without the showing of any overt act done in pursuance thereof. Moore v. State, 290 So.2d 603, 604 (Miss. 1974).
The crime of conspiracy does not become merged in the crime committed pursuant thereto. Moore v. State, supra.
At least two persons must agree for a conspiracy to be formed. Moore v. State, supra.
Section 99-1-5, the general statute of limitations, providing a two-year limitation on prosecutions, applies here.
Failure to show a conspiracy within the two-year span prior to March 28, 1978, would be fatal to the prosecution here. Appellant cites the language of this Court in American Fire Insurance Company v. State, 75 Miss. 24, 22 So. 99 (1897), as being conclusive of this issue. In that decision extensive quotation was made with approval from Commonwealth v. Bartilson, 85 Pa. 482 (1877). A relevant part of that opinion is as follows:
In [this] sense, therefore, of tolling the statute, it cannot be said that a completed offense can be continued. It may be repeated from day to day, but the statute runs from the close of each day, and the indictment must charge the offense to have been committed within the statutory period ... But where, in conspiracy, an overt act is done within two years and said act is but one of a series of *1029 acts committed by the parties, evidently in pursuance of a common design, and to carry out a common purpose, such acts would be evidence, provided they tend to show that the last act was part of the series and the result of an unlawful combination; and such evidence may satisfy a jury of the existence of a conspiracy at the latter period. (75 Miss. at 37, 22 So. at 102).
The act of any conspirator is the act of all of the conspirators, Riley v. State, 208 Miss. 336, 44 So.2d 455 (1950), and, if any conspirator sold heroin within the two-year period prior to the returning of the indictment, then such sale was evidence of the existence of the conspiracy as of that sale. American Fire Ins. Co. v. State, supra.
Statements of one conspirator as to the complicity of others therein, though uttered out of the presence and hearing of such other conspirators, are admissible in evidence in the trial of such other persons on the conspiracy indictment. The existence of the conspiracy is required to be established before such statements may be admitted in evidence. Rich v. State, 124 Miss. 272, 86 So. 770 (1920).
The admission of such conspirators' statements before establishment of the conspiracy is not reversible error if a jury made up of fair-minded people could have arrived at no verdict other than that of guilty. Forrest v. State, 335 So.2d 900 (Miss. 1976).
By the very nature of a conspiracy, its formation or existence rarely ever can be shown by direct evidence, and may not be capable of establishment other than by many factors and circumstances and may be established by such proof. Pickett v. State, 139 Miss. 529, 104 So. 358 (1925).
Once a defendant is established as being a conspirator, he remains a part of the conspiracy until he has extricated himself therefrom by making full disclosure to the law enforcement authorities of his involvement and cessation of activity therein, or by communicating his abandonment thereof in a manner reasonably expected to reach his co-conspirators. The burden of establishing his withdrawal rests upon the defendant. Hyde v. U.S., 225 U.S. 347, 369, 32 S.Ct. 793, 803, 56 L.Ed. 1114, 1127 (1912); U.S. v. Borelli, 336 F.2d 376, 388 (2d Cir.1964).
Imprisonment of a conspirator is not sufficient proof of his withdrawal therefrom. U.S. v. Borelli, supra.
It is considered that (1) the proof in this case established the conspiracy; (2) no jury bent upon compliance with its oath could have returned a verdict other than of guilt; (3) the act of defendant Gertrude Irvin in selling heroin to Agent Brantley in 1977 and her illegal transactions with Margaret Jean Phillips were acts of all of the conspirators, and proved the existence of the conspiracy as of the dates thereof; (4) which transactions were within the limitations prescribed by the statute, Section 99-1-5; (5) testimony by Mrs. Phillips of Crooks' involvement of appellant in the conspiracy was harmless under the facts in the case; (6) no showing being made that appellant was so subdued by his heroin addiction that he could not form an intent necessary in this case, the court did not err in refusing appellant's requested instruction; and (7) finally, the evidence was overwhelming, and the jury could have reached no verdict other than guilty.
We, accordingly, find no error in the record and affirm the conviction and sentence.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.