493 So.2d 313 (1986)
David BARNES
v.
STATE of Mississippi.
No. 55629.
Supreme Court of Mississippi.
July 9, 1986.
Rehearing Denied September 17, 1986.
Clarence R. Scales, Scales & Scales, and Percy Stanfield, Jr., Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by A. William May and Deirdre McCrory, Sp. Asst. Attys. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., DAN M. LEE and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
David Barnes was found guilty in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on a charge of conspiracy to possess marijuana in an amount of more than one (1) kilogram with intent to distribute the same, was sentenced to serve a term of twenty (20) years *314 in custody of the Mississippi Department of Corrections and was fined twenty-five thousand dollars ($25,000). Barnes has assigned five errors in the trial below, but we consider only one such assignment, it being dispositive of the case.

DID THE LOWER COURT ERR IN OVERRULING APPELLANT'S MOTION FOR A DIRECTED VERDICT OF NOT GUILTY?
At the conclusion of the State's case, the appellant moved for a directed verdict of not guilty, which was overruled. The appellant rested his case, the motion for directed verdict of not guilty was renewed and also overruled. Appellant's requested instructions on entrapment were denied. Resolution of the question as to whether or not there was an entrapment of appellant by the officers for the attempted sale of marijuana, and, if such occurred, whether or not it extended to the charge of conspiracy to possess marijuana, likewise dispose of the assigned error.
The facts of this case involve an operation by officers of the Mississippi Bureau of Narcotics (MBN) and the Jackson Police Department termed a "reverse sale" or "reverse undercover operation." Relying upon information secured from a confidential informant, they proceeded with the operation. On June 16, 1983, at approximately 8:30 p.m., the officers met at the Jackson office of MBN to work out plans. MBN Agents Steve Campbell and Steve Mattery and Jackson Police Officer Jerry Barrett testified for the State, corroborating each other as to what transpired.
About 9 p.m., the officers loaded four (4) bales of marijuana at the MBN storage facility into a gray MBN Dodge van. At 9:30 p.m., Agent Steve Campbell and the confidential informant got into a pickup truck belonging to MBN, left the law enforcement office, and went to a predetermined location, viz, a parking lot at the I-55 Deville Shopping Center in front of Wilson's Department Store, Jackson, MS. Agent Coleman, driving the van, followed the pickup truck to the vicinity of the parking lot. Agent Campbell and the confidential informant drove around the parking lot and the informant spotted Oscar Bell driving a four-door white Cadillac automobile. He was a suspected trafficker of marijuana. Appellant was on the front seat, passenger side, and one Michael Williams was in the backseat.
Agent Campbell drove to a secluded area of the parking lot and stopped. The confidential informant got out of the truck and went to the driver's side of the white Cadillac where he stayed a minute or two. Agent Campbell went to the driver's side of the Cadillac and asked Bell who was going to inspect the marijuana. Michael Williams indicated he would make the inspection, and went with Agent Campbell to the van. Agent Campbell obtained the keys from Agent Coleman, unlocked the back of the van, and instructed Williams to get into the van and make the inspection. Williams inspected the marijuana in the van and asked the price. Agent Campbell told him that one bale would be twelve thousand dollars ($12,000) and each additional bale would be ten thousand dollars ($10,000), and that they weighed approximately forty (40) pounds each. He also quoted that price to appellant. Agent Campbell told them to get the money and return to the same spot at exactly 10:30 p.m., when the exchange would be made; that, if they were not there by 10:30 p.m., he was going to leave.
The officers had planned to make the exchange and arrest the suspects at a baseball field area across Lakeland Drive from Smith-Wills stadium. Agent Campbell went to that place, waited until about 10:25, and returned to the Deville Shopping Center and to the designated meeting place. When he arrived, the white Cadillac with appellant and the other two individuals was there. Agent Campbell went to the driver's side, asked them if they had the money, and appellant produced a green bank bag with two bundles of money inside. Agent Campbell told the suspects that he wanted to make the exchange just down the road and instructed them to follow him. He planned to lead the suspects *315 to the baseball fields where the other agents were waiting. The matter would be concluded there and the suspects arrested.
The white Cadillac followed Agent Campbell's vehicle, turned west on Lakeland Drive towards Smith-Wills stadium, and crossed Lakeland Drive into a dark area leading to the baseball fields. Agent Campbell looked into his rearview mirror and saw that the white Cadillac had stopped. He turned around, went back and asked the suspects what the problem was. They told him they didn't like the place to which he was going. Bell asked him to follow them and they would complete the deal at another place. Whereupon, Agent Campbell told them to forget it and drove off. The suspects also left. Agent Campbell then contacted Agent Mattery and told him the suspects were leaving. Agent Mattery and another car followed them, stopped the white Cadillac, and arrested the three men after a lively chase. The agents saw appellant throw a sack out the window, during the chase. It was later found and turned out to be the green bag, which contained ten thousand fifty dollars ($10,050.00). Since the sale was not completed, the suspects, including appellant, were charged and later indicted for conspiracy to possess marijuana.
The appellant was indicted under Mississippi Code Annotated § 97-1-1 (1972), the conspiracy statute, and Mississippi Code Annotated § 41-29-139 (1972), prohibiting certain acts with relation to controlled substances, and provides in part:
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
(1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance; ...
Under § 97-1-1, two or more persons must agree to commit a crime in order for a conspiracy to exist, the agreement being to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully. The agreement need not be formal or express, but may be inferred from the circumstances, declarations, acts and conduct of the alleged conspirators. Norman v. State, 381 So.2d 1024 (Miss. 1980); Griffin v. State, 480 So.2d 1124 (Miss. 1985).
Entrapment as a defense consists of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission and prosecuting him for the offense. However, an accused cannot rely on the fact that an opportunity was intentionally given him to commit a crime, which originated in the mind of the accused. There is a decided difference between inducing a person to commit an unlawful act and furnishing contraband with which to commit such an act, and in setting the stage to catch an accused in the execution of criminal designs of his own conception. Jones v. State, 285 So.2d 152 (Miss. 1973), involves the question of entrapment in the sale of marijuana to a defendant. In Jones, the Court said:
We are of the opinion that since the marijuana, which was the subject of the sale by defendant, was supplied to him by a confidential informant, the criminal design was that of the confidential informant rather than the defendant and the defendant proved his defense of entrapment.
285 So.2d at 159.
In Daniels v. State, 422 So.2d 289 (Miss. 1982), citing Tribbett v. State, 394 So.2d 878, 882 (Miss. 1981), the Court said:
The usual entrapment case which arises under Mississippi law involves a confidential informant or police officer who originates the sale of contraband by supplying it to the accused, who then, acting in complicity with the confidential informant or police officer, sells or disposes of it to another officer or person who initiates the prosecution.
422 So.2d at 291. See also Epps v. State, 417 So.2d 543 (Miss. 1982); Torrence v. State, 380 So.2d 248 (Miss. 1980); and Sylar v. State, 340 So.2d 10 (Miss. 1976).
*316 In Sylar v. State, supra, this Court quoted with approval the holding in State v. Talbot, 71 N.J. 160, 364 A.2d 9 (1976), where the New Jersey Supreme Court held that when an informer or other agent generally acting in concert with law enforcement authorities, furnishes a defendant with heroin for the purpose of arranging a sale of the heroin by the defendant to an undercover officer, which sale was then consummated, defendant was entrapped as a matter of law, even though predisposition to commit the crime may appear and notwithstanding that the furnishing of the heroin was unknown to and contrary to the instructions of the law enforcement authorities.
In the case sub judice, the uncontradicted evidence and inferences therefrom introduced by the State show that the State owned the marijuana and was attempting to sell or furnish the marijuana to the appellant and his colleagues; that their predisposition to commit the crime was instigated by the officers; and that the "reverse sale" or "reverse undercover operation" as termed by the officers embraces the requirements and definition for "entrapment." The State and the appellant have not cited a case in any jurisdiction involving the so-called "reverse sale." We are of the opinion that, if appellant had been prosecuted for attempting to commit the crime of possessing marijuana, the defense of entrapment would be valid. Likewise, we hold that the defense of entrapment was properly developed and interposed to the charge in the present case, viz, conspiracy to possess marijuana.
The prosecution contends that before the defense of entrapment may be raised, the accused is required to take the stand and establish the defense; and that the appellant here did not testify, which was tantamount to denying the charge in the indictment. The prosecution cites Pace v. State, 407 So.2d 530 (Miss. 1981), which was a burglary case and is distinguished from the present case, and Boone v. State, 291 So.2d 182 (Miss. 1974), wherein the Court stated:
However, before an accused is entitled to an instruction on the defense of entrapment, the testimony in the case must be sufficient to raise the defense. Alston v. State, 258 So.2d 436 (Miss. 1972).
291 So.2d at 185.
It was not necessary for appellant to testify, since the State had produced overwhelming evidence of the efforts at entrapment, including ownership of the marijuana, on the part of its officers. The prosecution will not be permitted to convict an accused under the guise of a conspiracy charge where it could not proceed on, and convict for, the completed act.
The judgment of the lower court is reversed and the appellant is discharged.
REVERSED AND APPELLANT DISCHARGED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.