# IN THE COURT OF APPEALS 3/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-01007 COA

MARGARET COOKS A/K/A MARGARET COOK

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JOHN L. HATCHER

COURT FROM WHICH APPEALED: CIRCUIT COURT OF QUITMAN COUNTY

ATTORNEY FOR APPELLANT:

DAVID L. WALKER

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: JEFFREY A. KLINGFUSS

DISTRICT ATTORNEY: LAURENCE MELLEN

NATURE OF THE CASE: CRIMINAL: SALE OF CONTROLLED SUBSTANCE

TRIAL COURT DISPOSITION: CONVICTED ON TWO COUNTS OF THE SALE OF
CONTROLLED SUBSTANCE AND SENTENCED TO 20 YEARS ON COUNT ONE AND 20
YEARS CONSECUTIVE ON COUNT TWO

BEFORE BRIDGES, P.J., DIAZ, AND KING, JJ.

KING, J., FOR THE COURT:

 Margaret Cooks was convicted in the Circuit Court of Quitman County for the sale of crack cocaine. Aggrieved, Cooks appeals her conviction alleging the following errors: (1) the trial court erred in denying a motion for a directed verdict; (2) the verdict was against the overwhelming weight of the evidence; (3) the trial court erred in denying her objections to the State's peremptory challenges of prospective jurors; and (4) the trial court erred in denying proposed peremptory and cautionary instructions to the jury. Finding her arguments to be without merit, we affirm the trial court's disposition of the case.

## FACTS

On March 8, 1994, George Davis, a confidential informant, met with Leon Williams, an agent of the Mississippi Bureau of Narcotics, and provided him a list of names of persons Davis believed to be selling drugs. Margaret Cooks was named on this list and became the target of a drug investigation conducted by Agent Williams. As part of this investigation, Williams equipped Davis with a body transmitter, recorder, and forty dollars to make a drug buy from Cooks. Davis saw and stopped Cooks on the road near her home. Davis testified that he asked Cooks if she was "holding", and she told him, "Yes." Davis also testified that he then asked Cooks if she had "two twenties", to which she answered, "Yes." Davis gave Cooks the forty dollars previously given to him by Agent Williams to make the drug buy. In return, Cooks gave Davis two rocks of crack cocaine. She told Davis that because the rocks were small she would get him more if he would come to her home within fifteen minutes. Davis did just that, and Cooks provided him with a third rock of crack cocaine.

Cooks was arrested and indicted on two counts of the sale, transfer, or delivery of a controlled substance in violation of section 41-29-115(A)(a)(4), of the Mississippi Code. She was later convicted and sentenced to serve a term of twenty years (20) for each count, the second term running concurrently with the first. Aggrieved, Cooks now appeals to this Court.

I.

> THE TRIAL COURT ERRED IN DENYING MOTIONS FOR A DIRECTED VERDICT AND A NEW TRIAL.

In this appeal, Cooks challenges both the sufficiency and the weight of the evidence introduced in her trial. Although Cooks presented these assignments of error as separate issues, we have chosen to combine issues I and II in our disposal of them.

Our standard of review for a challenge to the sufficiency of the evidence, in a criminal case, can be found in *Wetz v. State*, 503 So. 2d 803, 808 (Miss. 1987):

> We must, with respect to each element of the offense, consider all of the evidence--not just the evidence which supports the case for the prosecution--in the light most favorable

to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

Cooks argues that because she used the forty dollars that Davis paid her to purchase the additional crack cocaine, which provided the basis for count II of the indictment, the court should have granted her motion for a directed verdict. In short, Cooks claimed that she was entrapped by the confidential informant. In support of this argument, Cooks seeks to analogize her sale of crack to Davis to a reverse sale transaction, which our Supreme Court ruled on in *Barnes v. State,* 493 So. 2d 313 (Miss. 1986).

In *Barnes v. State*, the defendant asserted the affirmative defense of entrapment to his indictment for conspiracy to possess marijuana with the intent to distribute. *Id.* at 314. Barnes argued to the court that state agents had supplied the marijuana to him and his colleagues and that the state agents instigated his involvement in the crime. *Id.* at 314-15. The court agreed saying that the defendant's predisposition to commit the crime was instigated by the officers and such action constituted a reverse sale, which embraced the requirements and definition of entrapment. *Id.* at 316.

The Mississippi Supreme Court has defined entrapment as "inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission and prosecuting him for the offense." *Id.* at 315. The court has also said that "an accused cannot rely on the fact that an opportunity was intentionally given him to commit a crime, which originated in the mind of the accused." *Id.* In the case *sub judice*, Cooks would have us find that her sale of crack to Davis was a reverse sale, because the forty dollars paid to her earlier by Davis was used to purchase the third rock of crack. We decline to so find.

Looking at the credible evidence that is consistent with Cooks' guilt, we find that Davis only set the stage for Cooks to commit the crime. Davis stopped Cooks on the road and asked her if she was "holding." Cooks said yes and proceeded to exchange the rocks of crack cocaine for $40.00. This is indicative of Cooks' predisposition to commit the crime. We do not find any acts of cajoling, or inducement on the part of Davis. The fact that Davis returned to Cooks later for completion of his purchase does not create a reverse sale. Therefore, we cannot find that Cooks had so conclusively established the defense of entrapment to the extent that reasonable and fair-minded jurors could only find her not guilty.

Having found the evidence legally sufficient to support the verdict, we find that the verdict was not against the overwhelming weight of the evidence; therefore, the trial judge did not abuse his discretion in failing to grant the Defendant's motion for a new trial

II.

THE TRIAL COURT ERRED IN DENYING COOKS' OBJECTIONS TO THE STATE'S PEREMPTORY CHALLENGES OF PROSPECTIVE JURORS.

The State exercised five of its peremptory challenges against African-American veniremen excluding them from the jury. Cooks raised a *Batson* challenge to the State's action, and the trial court ordered the State to articulate race and sex neutral reasons for its strikes. The State provided the following reasons for its strikes:

> #23-- Rodney Applewhite's brother was convicted of murder in 1991, and he has relatives involved in the sale of narcotics; #25--Catherine Emerson is Agent Williams' great aunt, and Agent Williams had previously arrested some of her grandchildren; #31--John L. Cannon had a relative incarcerated on rape charges at the time of trial; #39--Mack Charles Stewart had a close friend who was recently convicted for drug crimes; and #40--Sammie Lee White had an anti-law enforcement, or anti-government attitude, and he had a relative serving time in the county jail.

Once the prosecution establishes race-neutral reasons for exercising its peremptory challenges, the defendant can then rebut those reasons as pretextual. *Bush v. State*, 585 So. 2d 1262, 1267 (Miss. 1991). If the defendant fails to rebut, the court will examine the State's reasons only. *Id.* In the present case, Cooks offered rebuttal reasons for only one State challenged venireman--Sammie Lee White. The proffered rebuttal had nothing to do with race, sex, or age. Rather, Cooks believed that White's attitude might be important considering the defense in the case was that of entrapment, or government authorities overreaching their authority.

Our review of the record, shows that the trial judge found each of the State's reasons sufficiently race, sex, and age neutral. Cooks failed to establish a single prohibited discriminatory motive in the State's use of its peremptory challenges. Therefore, we find that the trial judge properly allowed each of the State's peremptory challenges.

III.

> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PROPOSED PEREMPTORY AND CAUTIONARY INSTRUCTIONS.

Cooks requested the trial court to submit peremptory instruction D-1 to the jury, which instructed the jury to return a verdict for her on both counts of the indictment. Under this allegation of error, Cooks again challenges the sufficiency of the evidence, however, having addressed and resolved this question in issue I, we will not revisit it.

The trial judge also refused to grant D-3, a cautionary instruction, concerning Cooks prior conviction for the sale of marijuana. The trial judge stated that, he found no reason to make unwarranted comments about the effect of evidence that had been admitted by agreement of the parties. The rule in Mississippi has long been that the granting of cautionary instructions is within the discretion of the trial judge. *Brown v. State*, 173 Miss. 542, 560 (1935). We will not disturb the judge's decision absent an abuse of that discretion.

Cooks claims that the trial judge abused his discretion by not granting the cautionary instruction because the State had not clearly proven her guilt. Defendant's cautionary instruction, D-3, read as follows:

Evidence has been introduced in this case that the Defendant, Margaret Cooks, has been convicted of the crime of sale of a controlled substance, marijuana, on March 12, 1986, in the Circuit Court of Quitman County, Mississippi. The court instructs you, the jury, that you are not to consider this conviction as evidence of the guilt of the Defendant in the case now before you, except that you may consider proof of the aforesaid conviction as evidence of the Defendant's predisposition to commit the crimes charged.

The State argues that no abuse of discretion occurred since the Defendant made no objection to the evidence of her prior conviction being presented to the jury. The State further argues that it had an obligation to show that Cooks had a criminal predisposition in order to rebut the claim of entrapment. We agree with the State. While we think the trial judge would have made a better record by granting the cautionary instruction, we also believe that in light of the evidence weighed against the Defendant the verdict would not have differed. The jury had before it a taped recording of the drug buy between Cooks and the confidential informant, George Davis. Testimony in the record revealed that Davis asked Cooks if she was holding any drugs. Cooks replied, "yes", and then, Davis asked if she had two twenties. Cooks again replied, "yes." From this evidence alone the jury could conclude that Cooks was predispositioned to commit the crime. Therefore, because we find no prejudicial effect upon Cooks disposition, we find that the trial judge's refusal to grant the instruction does not rise to the level of abuse of his discretion. We affirm.

**THE JUDGMENT OF THE CIRCUIT COURT OF QUITMAN COUNTY OF CONVICTION OF TWO COUNTS OF THE SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF 20 YEARS ON COUNT ONE TO BE SERVED CONSECUTIVELY WITH ANY AND ALL SENTENCES PREVIOUSLY IMPOSED AND SENTENCE OF 20 YEARS ON COUNT TWO TO BE SERVED CONCURRENTLY WITH SENTENCE IN COUNT ONE, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FINE OF $1,000 ON EACH COUNT IS AFFIRMED. COOKS IS ALSO ORDERED TO FORFEIT HER DRIVER'S LICENSE FOR SIX (6) MONTHS. COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**