# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-KA-00875-SCT

*KENNY MARKCOL BROWN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2000 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROSS R. BARNETT, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/19/2001 |
| MOTION FOR REHEARING FILED: | 8/16/2001; denied 10/4/2001 |
| MANDATE ISSUED: | 10/11/2001 |

### BEFORE McRAE, P.J., SMITH AND MILLS, JJ.

### SMITH, JUSTICE, FOR THE COURT:

¶1. Kenny Markcol Brown was convicted of both conspiracy to commit murder and murder and sentenced to serve concurrent sentences of twenty years' imprisonment and life imprisonment. Following the denial of his Motion for Judgment Notwithstanding the Verdict or, in the alternative, Motion for New Trial, Brown appeals alleging that the evidence in the circuit court was insufficient to convict him. Finding no reversible error, we affirm.

### FACTS AND DISPOSITION BELOW

¶2. On August 21, 1996, Larry Donnell Simmons ("Simmons" a/k/a "Bam") was shot and killed on Ridgway Street in Jackson, Mississippi. Kenny Markcol Brown ("Brown" a/k/a "Little Kenny") was indicted, along with Willie James Holmes ("Holmes" a/k/a "Shorty") and Patrick O'Neal Gowdy ("Gowdy"), under Miss. Code Ann. § 97-1-1 (2000) for conspiracy to commit murder and under Miss. Code Ann. § 97-3-19(1) for the murder of Simmons. Brown and Holmes were tried together in the Circuit Court of the First Judicial District of Hinds County on February 8-10, 2000.

¶3. Testimony revealed that Simmons was seen walking down an alley behind a house on Ridgway Street. Two sisters, who were sitting on the porch of their aunt's house, testified that they heard shooting. When the shooting stopped, they saw Holmes and Brown come to the front of the house. They were both holding pistols in their hands and asking each other "did you get him?" These sisters positively identified Brown in court.

¶4. Brown was convicted of both crimes and sentenced by the court to twenty years on the conspiracy

charge and life on the murder charge, the sentences to run concurrently. Brown filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion was denied by the circuit court. Aggrieved by the judgment of the circuit court, Brown raises the following issue on appeal:

**I. WHETHER THE LOWER COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL?**

**A. Whether the evidence provided by co-defendant, Willie Holmes, can support a conviction of murder or of conspiracy to commit murder.**

**B. Whether Kenny Brown knowingly entered into a common plan to kill Larry Simmons.**

## DISCUSSION

¶5. The denial of a motion for new trial implicates the weight of the evidence, while the denial of a motion for judgment notwithstanding the verdict implicates the legal sufficiency of the evidence. *May v. State,* 460 So.2d 778, 781 (Miss. 1984).

¶6. In reviewing the sufficiency of the evidence, the standard of review is quite limited. *Clayton v. State,* 652 So.2d 720, 724 (Miss. 1995). All of the evidence is to be considered in the light most consistent with the verdict. *Id.* The prosecution is given the benefit of "all favorable inferences that may reasonably be drawn from the evidence." *Id.* This Court will not reverse unless the evidence with respect to one or more of the elements of the offense charged is such that reasonable and fairminded jurors could only find the accused not guilty. *McClain v. State,* 625 So.2d 774, 778 (Miss. 1993).

¶7. A motion for a new trial asks us to vacate the jury's guilty verdict on grounds related to the weight, not the sufficiency, of the evidence presented at trial. *May*, 460 So.2d at 781. "We will not order a new trial unless convinced that the verdict is so contrary to the weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." *Groseclose v. State*, 440 So.2d 297, 300 (Miss.1983) (citing *Pearson v. State,* 428 So.2d 1361, 1364 (Miss. 1983)).

**I.**

¶8. The only issue raised by Brown is whether the circuit court erred in denying his Motion for Judgment Notwithstanding the Verdict or, in the alternative, a Motion for New Trial. In support of his contention that the circuit court was in error, Brown alleges that: (a) the evidence provided by co-defendant, Willie Holmes, was insufficient to support a conviction of murder or of conspiracy to commit murder, and (b) he did not knowingly enter into a common plan to kill Larry Simmons.

**A. Whether the evidence provided by Willie Holmes supported a conviction of conspiracy to commit murder and murder?**

¶9. Brown was convicted under Miss. Code Ann. § 97-1-1 for conspiracy to commit murder. This Court has defined conspiracy to be "a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, the persons agreeing in order to form the conspiracy. The offense is complete without showing an overt act in furtherance of the conspiracy." *Peoples v. State,* 501 So.2d 424, 428 (Miss. 1987) (citing *Norman v. State,* 381 So.2d 1024 (Miss. 1980); *Moore v. State,*

290 So.2d 603 (Miss. 1974); *Pickett v. State,* 139 Miss. 529, 104 So. 358 (1925)).

¶10. Under § 97-1-1, two or more persons must agree to commit a crime in order for a conspiracy to exist. "The agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts and conduct of the alleged conspirators." *Barnes v. State,* 493 So.2d 313, 315 (Miss. 1986) (citing *Norman v. State,*, 381 So.2d 1024 (Miss. 1980); *Griffin v. State,* 480 So.2d 1124 (Miss. 1985)). In *Davis v. State,* 485 So.2d 1055, 1058 (Miss. 1986), this Court also held that the existence of a conspiracy, and a defendant's membership in it, may be proven entirely by circumstantial evidence. Similarly, "there must be some evidence that a defendant has associated himself with the venture in some fashion, participated in it as something that he wished to bring about, or sought by his action to make it succeed." *Id.*

¶11. Based on the record before this Court, there was enough evidence before the jury to find Brown guilty of conspiracy to commit murder. Brown argues that there was not enough evidence to convict him based on the testimony of Willie Holmes alone. Whether that be true or not, the jury considers all of the evidence and not just the testimony of one witness. The jury was presented with the following evidence for consideration:

(1) Delesia and Felicia Gordon, sisters, were sitting on the front porch of their cousin's house. Simmons walked up and spoke with the girls briefly. The girls then saw Simmons walk down the alley beside the house. They testified that they heard shooting coming from the alley. When the shooting stopped, the girls testified that Brown and Holmes came running to the front of the house. The sisters testified that both men had guns and were asking each other "did you get him?"

(2) Willie Holmes, on the day of the shooting, August 21, 1996, made his first statement to the police. He stated that Gowdy wanted to buy a gun "to shoot Bam, a/k/a Larry Simmons." Holmes also stated that Gowdy got the gun from Kenny Brown. Holmes said that Brown was the one who informed everyone that Larry Simmons ("Bam") was outside.

(3) In a second statement made by Willie Holmes to the police on August 23, 1996, he said that "[a]ll of the sudden Little Kenny came running back up on the porch and up to Pat and hands Pat his gun and then says, Bam's in the alley. And then Pat and Little Kenny runs up inside of Pat's house." After Brown gave Gowdy the gun, the two men [Brown and Gowdy] went inside the house. "Pat brought Little Kenny's [Brown] gun up and aimed it at Bam [Simmons]." Simmons started running down the alley and Holmes stated that he saw "Pat and Little Kenny running to the alley."

(4) In this second statement made by Holmes, he also stated that "I saw Bam lying face down on the ground, blood on his back, and I saw Pat and Little Kenny standing in the alley near the car, and Pat still had the gun pointed down the alley towards where I was standing. He lowered it to his side while I watched, and then he and Little Kenny ran away towards Pat's house."

(5) In a statement made by Kenny Brown to the police, Brown was asked if he knew that Gowdy was going to shoot Simmons ("Bam"). He answered, "Yes, sir. I knew he was going to shoot him." Brown also stated that he was the one who provided the gun to Patrick Gowdy before the shooting.

(6) When Willie Holmes took the stand at trial, he testified that the police added things to his second statement. He then testified that Brown did not come out of the house.

¶12. We have held that "jurors are permitted, indeed have the duty, to resolve the conflicts in testimony they hear. They may believe or disbelieve, accept or reject the utterances of any witness . . . A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict." ***Ducksworth v. State***, 767 So.2d 296, 299-300 (Miss. 2000) (quoting ***Groseclose v. State***, 440 So.2d at 300). Also, in ***Bond v. State***, 249 Miss. 352, 257, 162 So.2d 510, 512 (1964), this Court stated that "[i]n a criminal prosecution, the jury may accept the testimony of some witnesses and reject that of others, and may accept in part and reject in part the testimony of any witnesses, or may believe part of the evidence on behalf of the state and part of that for the accused, and the credibility of such witnesses is not for the reviewing court, but only for the jury." ***Id.***

¶13. As earlier stated, a conspiracy exists when two or more persons agree to commit a crime. ***Barnes,*** 493 So.2d at 315. The agreement need not be formal or express, but may be inferred from the circumstances, declarations, acts and conduct of the alleged conspirators. ***Id.*** (citing ***Norman v. State,*** 381 So.2d 1024 (Miss. 1980); ***Griffin v. State,*** 480 So.2d 1124 (Miss. 1985)). There was enough evidence in the record to support the finding that Brown and Gowdy entered into an agreement to commit murder. For this reason, the conspiracy to commit murder conviction is upheld.

¶14. In the same way, the jury had enough evidence before it to convict Brown of murder under Miss. Code Ann. § 97-3-19(1). The jury was given the following instruction in regards to Count 2, murder:

> The Court instructs the jury that the killing of a human being without the authority of law and not in necessary self-defense, by any means or any manner is murder when done with deliberate design to effect the death of the person killed, or of any human being.

> The Court further instructs the jury that any person wilfully aiding, assisting or encouraging the commission of a felony is deemed and considered a principal as if he had with his own hand committed the entire offense.

> Therefore, if you find from the evidence, beyond a reasonable doubt, that on or about August 21, 1996, in the First Judicial District of Hinds County, Mississippi, Larry Donnell Simmons, a human being, was killed by another, without authority of law and not in necessary self-defense, by any means or any manner, and with deliberate design to effect the death of said Larry Donnell Simmons, and you further finds [sic] from the evidence, beyond a reasonable doubt, that the defendant, Kenny Markcol Brown, wilfully aided, assisted or encouraged same, then the defendant, Kenny Markcol Brown, is guilty as charged as to Count 2 and it is your sworn duty to so find.

> If the State has failed to prove beyond a reasonable doubt any one of the above required elements of the offense of murder, then it is your sworn duty to find the defendant, Kenny Markcol Brown, "not guilty" as to Count 2.

¶15. Brown alleges that the testimony of Willie Holmes, alone, was not enough to convict him of murder. However, as earlier listed in this opinion, there was more sufficient evidence in the record other than the testimony of Willie Holmes. There is sufficient evidence in the record to satisfy a murder conviction consistent with Miss. Code Ann. § 97-3-19(1).

¶16. In his statement to the police on August 26, 1996, Brown admitted that he knew Gowdy was going to "handle his business" with Simmons. Brown also said that he knew Gowdy was going to shoot Simmons in

the leg. After Gowdy told Brown that he wanted to buy a gun, Brown gave Gowdy his nine millimeter. Also, there was testimony from Delesia and Felicia Gordon that indicated Brown and Holmes, immediately following the shooting, were running and asking each other, "did you get him?" Additionally, there was evidence in the record that indicated Brown was the one who alerted Gowdy that Simmons was outside.

¶17. In ***Jones v. State,*** 710 So.2d 870, 874 (Miss. 1998), this Court held that "[a]ny person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an 'aider and abettor' and is equally guilty with the principal offender." ***Id.*** (citing ***Hoops v. State,*** 681 So.2d 521, 533-34 (Miss. 1996); ***Sayles v. State,*** 552 So.2d 1383, 1389 (Miss. 1989)). As earlier mentioned, jurors are permitted to believe or disbelieve any utterances of any witness. ***Ducksworth v. State,*** 767 So.2d at 299.

¶18. The above evidence was sufficient for the jury to determine that Kenny Brown did, in fact, "aid, counsel, or encourage" the commission of murder and therefore, he is equally guilty with the principal offender. ***Hoops,*** 681 So.2d at 533-34. For this reason, the murder conviction is affirmed.

### B. <u>Whether Kenny Brown knowingly entered into a common plan to kill Larry Simmons</u>.

¶19. Brown argues in his brief that a person cannot be a conspirator unless he enters into a common plan and knowingly intends to further its common purpose. ***McDonald v. State,*** 454 So.2d 488, 495 (Miss. 1984). Similarly, he argues that an individual accused must be shown to have recognized his or her entrance into or participation in that common plan and knowingly to have intended to further its common purpose. ***King v. State,*** 580 So.2d 1182, 1188 (Miss. 1991).

¶20. In his brief, Brown asserts that he only knew that Gowdy was angry with Simmons for burglarizing his home and spoke of shooting Simmons in the leg to "slow him down." Brown now asserts that the statements he made to the police, which he signed, were misrepresentations of what he told the police. In those statements, Brown said that he did provide the gun to Gowdy and that he knew Gowdy was going to shoot Simmons. This evidence from Brown's statement, along with other evidence that has been previously mentioned, was enough to allow the jury to conclude that Brown entered into a common plan with Gowdy. Again, conspiracy is an agreement between two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully. ***Barnes,*** 493 So.2d at 315. The agreement need not be formal or express and can be inferred from the surrounding circumstances. ***Id.***

### CONCLUSION

¶21. The circuit court did not err in denying Brown's Motion for Judgment Notwithstanding the Verdict or, in the alternative, Motion for New Trial. It is for the jury, not the courts, to determine the weight and worth of the testimony of the defendant and his witnesses. ***Whitehurst v. State,*** 540 So.2d 1319, 1329 (Miss. 1989). The evidence in the record was sufficient to support the conspiracy conviction along with the murder conviction. Therefore, the judgment of the Hinds County Circuit Court is affirmed.

¶22. **COUNT I: CONVICTION OF CONSPIRACY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**COUNT II: CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**THE SENTENCE IN COUNT II SHALL RUN CONCURRENTLY WITH THE SENTENCE IN COUNT I.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**