840 So.2d 108 (2002)
Danny McGLEACHIE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00816-COA.
Court of Appeals of Mississippi.
October 15, 2002.
Rehearing Denied January 7, 2003.
Certiorari Denied March 13, 2003.
Danny McGleachie, Pro Se, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, P.J., LEE, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. In February 1986, Danny McGleachie pleaded guilty to the crime of conspiracy to possess with the intent to sell, distribute or dispense more than one kilogram of marijuana. The imposition of sentence was withheld, and he was placed on probation for five years. His probation was revoked one year later.
¶ 2. On April 4, 2001, McGleachie filed a motion for post-conviction collateral relief seeking to vacate and set aside the February 1986 conviction. In his PCR motion, McGleachie alleged that he had been entrapped in the 1986 transaction which led to his guilty plea and that because of this, "it would be a miscarriage of justice to allow the conviction and sentence to stand."
¶ 3. The trial court determined that McGleachie's motion was time-barred and dismissed the motion without a hearing. It is from this adverse ruling that McGleachie prosecutes this appeal, alleging that his conviction and sentence are a nullity and that the three-year statute of limitations does not apply.
¶ 4. We have reviewed McGleachie's claims and reject them both. Consequently, the judgment of the trial court is affirmed.

*109 ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Our standard of review of the trial court's denial of a PCR motion is clear. We will not reverse the factual findings of the trial court unless they are clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). Questions of law are reviewed de novo. Id.
¶ 6. Mississippi law requires a prisoner, who desires to attack his guilty plea, to file his PCR motion within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev.2000). As previously observed, McGleachie pleaded guilty in February 1986. He did not file his PCR motion until April 4, 2001. Clearly, McGleachie's motion is time-barred unless his case falls within one of the statutory exceptions to the three-year time-bar. The law permits post three-year filings in the following circumstances:
[T]hose cases in which a prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.... [T]hose cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-5(2) (Rev.2000). In capital cases, filings must be made within one year after conviction. Id.
¶ 7. We will address the issues in a single discussion because the two are interrelated. As we have already observed, McGleachie argues that the three-year statute of limitations imposed by Mississippi Code Annotated § 99-39-5(2) (Rev. 2000) is inapplicable because, according to him, he was entrapped, thereby rendering his conviction null and void. McGleachie reasons that if his conviction was a nullity then the sentence that he received pursuant to the conviction was an illegal sentence. He then cites us to case law which holds that a PCR motion based on an illegal sentence may be exempted from the three-year ban. He also argues that the case of Barnes v. State, 493 So.2d 313 (Miss.1986), decided by the Mississippi Supreme Court four months after his guilty plea, entitles him to an exemption from the three-year statute of limitations. His argument in this regard is that Barnes is an intervening decision which would have actually adversely affected the outcome of his conviction had it been decided prior to his plea.
¶ 8. We note, as does the State, that McGleachie has not provided any information whatsoever to support his claim that he was entrapped in the 1986 transaction. He makes the bald allegation, unsupported by any affidavits, and then lays blame on his attorney, alleging that McGleachie pleaded guilty based on the ill-advice of his attorney, even though he had not committed any crime.
¶ 9. We were not provided with a copy of the transcript of the guilty plea hearing. It is the responsibility of the appellant to make sure an adequate appellate record is presented. In McGleachie's defense, however, we should state that in his designation of record he did ask that the trial transcript of the plea hearing be included in the appellate record. No explanation appears in the record as to why the transcript of the plea hearing was not included as requested. Nevertheless, McGleachie is charged with the responsibility to see that the appellate record includes *110 all of the documents set forth in his designation of record. Cf. Burney v. State, 515 So.2d 1154, 1160 (Miss.1987) (holding that it is the duty of the appellant to insure that the record contains sufficient evidence to support his assignments of error on appeal).
¶ 10. In the absence of the plea transcript, we are left with McGleachie's blanket assertions that no crime occurred and that he pleaded guilty to a charge that did not legally exist. It appears that McGleachie has blurred the line between a legally-sufficient charge and a viable defense to the charge. We can take judicial notice that an indictment which charges a "conspiracy to possess with the intent to sell, distribute or dispense more than one kilogram of marijuana" charges a crime. Therefore, McGleachie's plea was not a nullity as he contends. Whether he had a valid defense to the crime charged is quite a different issue. Likewise, whether he was entrapped depends upon the facts and circumstances of the incident, the specifics of which are not included in the appellate record.
¶ 11. We have examined thoroughly the PCR motion filed in the trial court. In the motion, McGleachie stated no facts which could arguably form the basis for granting the requested relief. He made conclusory allegations that he was entrapped. However, he gave no specific details other than a statement that "Danny McGleachie was not at the scene where the marijuana transaction was attempting to be made but was being held by the State agents in a rural location to prevent any contact with the persons which the State was attempting to entrap by selling them illegal drugs." Since McGleachie was charged with the crime of conspiracy, his absence from the scene of the transaction would not necessarily negate a finding that he had participated in the conspiracy.
¶ 12. McGleachie's reliance on Barnes avails him naught. The availability of entrapment as a defense predates Barnes and McGleachie's date of conviction. See, e.g., Sylar v. State, 340 So.2d 10 (Miss. 1976). Whether McGleachie may have had a viable defense is a question that cannot be answered given the state of the record before us. However, there is no need for us to speculate in this regard. It is sufficient for purposes of this appeal to say that McGleachie has failed to demonstrate that his case falls within one of the enumerated statutory exceptions to the three-year statute of limitations or that a waiver should apply because of the implication of a fundamental constitutional right.[1]
¶ 13. We are cognizant of McGleachie's indirect claim that his counsel was ineffective and that the right to competent counsel is a fundamental constitutional right. However, we decline to hold, without substantial and specific supporting facts, that McGleachie's assertion that he was ill-advised by counsel to plead guilty is enough to operate as a waiver of the three-year statute, for a strong presumption exists in Mississippi jurisprudence that counsel's conduct falls within the wide range of reasonable professional assistance. See, e.g., McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 14. This Court concludes that the trial court correctly applied the law in this case and that McGleachie was prevented by the three-year statute of limitations from bringing his post-conviction relief motion. Therefore, we affirm the trial court's dismissal *111 of McGleachie's motion as time-barred.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] The Mississippi Supreme Court has held that the three-year statute of limitations may be waived when a fundamental constitutional right is implicated. See, e.g., Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss.1998); Luckett v. State, 582 So.2d 428, 430 (Miss. 1991).