938 So.2d 267 (2005)
Ronnie Lynn CHANCY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02036-COA.
Court of Appeals of Mississippi.
November 22, 2005.
Rehearing Denied April 18, 2006.
*268 Ronnie Lynn Chancy, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Ronnie Chancy filed a pro se motion to vacate and set aside his 1996 conviction and sentence of two counts of armed robbery. The Circuit Court of Rankin County treated the motion as a motion for post-conviction relief and summarily dismissed the motion as being time-barred. Feeling aggrieved by this decision, Chancy appeals and asserts the following issues: (1) whether the trial court erred in dismissing his motion as time-barred without consideration as to whether the sworn affidavits of his mother and sister fell within the newly discovered evidence exception to the statutory time bar, (2) whether he was denied effective assistance of counsel because his guilty plea was entered pursuant to his counsel's advice, and (3) whether his guilty plea was involuntarily entered.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On November 14, 1995, a Rankin County grand jury indicted Chancy for two counts of armed robbery. Chancy entered a guilty plea to both counts of armed robbery, and the circuit court sentenced him to thirty-one years in the custody of the Mississippi Department of Corrections. On February 12, 2004, Chancy filed a motion to vacate and set aside his conviction and sentence. In the motion, Chancy contested the validity of his 1996 guilty plea due, in large part, to his claim that his plea was involuntarily entered as a result of ineffective assistance of counsel. The circuit court dismissed Chancy's motion as being time-barred because it was filed beyond the three-year time period allotted by Mississippi Code Annotated section 99-39-5(2) (Supp.2004) for filing a motion for post-conviction relief. From this adverse ruling, Chancy appeals.

STANDARD OF REVIEW
¶ 4. Our standard of review of a trial court's denial of post-conviction relief is clear. "When reviewing a lower court's decision to deny a petition for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Miss. v. S. Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Chancy argues that the circuit court erred in summarily dismissing his post-conviction relief motion. Chancy contends that the sworn affidavits of his mother and sister fall within the newly discovered evidence exception to the three-year time bar. He further argues that his 1996 guilty plea was involuntarily entered as a result of his counsel's ineffective assistance. Therefore, Chancy concludes that he should not be barred from having the merits of his claim decided by the circuit court.
¶ 6. The State counters that the circuit court did not error in ruling that Chancy's motion was time-barred. The State's position is that it is clear from the record that both Chancy's motion for post-conviction relief and his ineffective assistance of counsel claim are barred.
¶ 7. The circuit court found Chancy's motion to be untimely because it was filed *269 outside the three-year statute of limitations. We agree with the decision of the circuit court. Mississippi Code Annotated section 99-39-5(2) (Supp.2004) states:
A motion for relief under this article shall be made . . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
MISS.CODE ANN. § 99-39-5(2) (Supp.2004).
¶ 8. When Chancy filed his motion for post-conviction relief on February 12, 2004, he was well beyond the statutory three-year time period for filing a motion for post-conviction relief. In fact, Chancy's motion was filed almost eight years after his conviction and sentence. However, Chancy maintains that he is exempted from the three-year statute of limitations set forth in section 99-39-5(2) because of affidavits, dated December 3, 2003, from his mother and sister which state that Chancy's lawyer told both of them that he had arranged a plea bargain agreement in which Chancy would serve five years for each count of armed robbery. Chancy maintains that these affidavits are newly discovered evidence, not reasonably discoverable at trial, which would have caused a different result in his conviction or sentence if they had been introduced at trial.
¶ 9. Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If following the trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.
¶ 10. We also point out that in his sworn petition to enter the guilty plea, Chancy acknowledged that he was entering an open plea to both counts of the indictment. He also acknowledged his belief that his lawyer had done all that anyone could do to counsel and assist him and that he was satisfied with the advice and counsel his lawyer had given him. Chancy further acknowledged that he had been told by his lawyer that any sentence that Chancy might receive was up to the court, that the court was not required to carry out any understanding made by him and his attorney with the district attorney, and that he understood that the court was not required to follow the recommendation of the district attorney, if any. Therefore, there is no merit to this issue.
¶ 11. We are cognizant of the fact that the Mississippi Supreme Court has acknowledged that section 99-39-5(2) might be overcome in another manner. "Our supreme court has held that the three-year statute of limitations may be waived when a fundamental constitutional right is implicated." McGleachie v. State, 840 So.2d 108, 110(¶ 12) (Miss.Ct.App.2002) (citing *270 Sneed v. State, 722 So.2d 1255, 1257(¶ 11) (Miss.1998)). We clearly realize that the right to competent counsel is a fundamental constitutional right. However, the Mississippi Supreme Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the time bar of section 99-39-5(2). Bevill v. State, 669 So.2d 14, 17 (Miss. 1996). Accordingly, we decline to hold, without substantial and specific supporting facts, that Chancy's assertion that his counsel's ineffective assistance prompted his guilty plea is enough to operate as a waiver of the three-year statute of limitations. Finally, we note that the Mississippi Supreme Court has consistently held that the time bar of Mississippi Code Annotated section 99-39-5(2) applies to petitioners's post-conviction relief claims based on ineffective assistance of counsel and involuntariness of guilty pleas. Kirk v. State, 798 So.2d 345, 346(¶ 6) (Miss.2000) (citing Luckett v. State, 582 So.2d 428, 429-30 (Miss.1991)). In light of established Mississippi law, we find that all of Chancy's issues are time-barred, including his claim of ineffective assistance of counsel and the involuntariness of his plea.
¶ 12. The circuit court did not err in dismissing Chancy's motion. Therefore, we affirm.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.