545 So.2d 729 (1989)
Willie GRIFFIN
v.
STATE of Mississippi.
No. 58373.
Supreme Court of Mississippi.
May 24, 1989.
*730 T.H. Freeland, III, T.H. Freeland, IV, Tim F. Wilson, Freeland & Freeland, Oxford, for appellant.
Mike Moore, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
At issue in this criminal appeal is whether the acquittal of the substantive offense of jury tampering created a double jeopardy bar to a subsequent trial on the charge of conspiracy to commit jury tampering. While recognizing that a substantive offense and a conspiracy to commit are two separate offenses, this Court holds that where there is a common nucleus of operative facts existing in both indictments, as here, and where the ultimate fact has been determined in the prior acquittal by a final judgment, a conspiracy trial is barred thereafter under the constitutional double jeopardy provision.
Willie Griffin was indicted by the Grand Jury of the Circuit Court of the Second Judicial District of Bolivar County for the crime of conspiracy, pursuant to § 97-1-1, Miss. Code Ann. (1972), as amended. Before trial, Griffin filed a motion to dismiss on the grounds of double jeopardy and collateral estoppel. From the overruling of that motion, Griffin takes this interlocutory appeal assigning as error the following:
(1) The trial court erred in refusing to grant appellant's motion to dismiss this prosecution based on double jeopardy and/or collateral estoppel. The motion should have been granted for the following reasons:
(a) Willie Griffin was acquitted of a jury tampering charge concerning an attempt to influence juror Beverly Powe Hogan;
(b) In the jury tampering prosecution, the jury was instructed to convict if it found Willie Griffin did "any act" to influence juror Powe Hogan;
(c) In this conspiracy prosecution, the State seeks to prove Willie Griffin guilty of conspiracy solely by showing that he attempted to influence juror Beverly Powe Hogan, conduct that the prior acquittal and collateral estoppel bar the State from charging Willie Griffin;
(d) Therefore, this prosecution is barred by appellant's rights against double jeopardy as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution and Art. 3, § 22 of the Mississippi *731 Constitution, and as applied in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and Sanders v. State, 429 So.2d 245 (Miss. 1983).

I.
This is an interlocutory appeal by Willie Griffin from the Bolivar County Circuit Court of a denial of a motion to dismiss based upon double jeopardy and collateral estoppel. The alleged act of jury tampering that gave rise to this conspiracy prosecution related to a prospective juror in a criminal proceeding against Willie Griffin's brother, Melvin Griffin. Melvin Griffin was the defendant in a criminal case set for trial in the Circuit Court of Bolivar County on May 27, 1985. On May 26, 1985, Melvin, accompanied by Willie, went to the home of Milton Tutwiler, the Mayor of Winstonville, Mississippi. Melvin had a list of potential jurors for his trial, and asked Tutwiler if he recognized any of the names. Tutwiler stated that he knew Beverly Powe Hogan. Melvin asked Tutwiler to "tell her they had been by her house." Tutwiler later testified that Melvin "asked me if I saw her would I ask her to remember him, because the D.A. was trying to try him as a habitual criminal." During this conversation, Willie was sitting near Melvin watching the television.
The one alleged act of tampering led to two criminal proceedings against Willie Griffin, one case charged jury tampering and the other charged conspiracy to jury tamper, which is the case at bar. The jury tampering indictment came to trial first, and Willie was acquitted after a jury trial on September 26, 1986.
On November 11, 1986, Griffin filed in the conspiracy case a motion to dismiss on the grounds of double jeopardy and collateral estoppel. The motion asserted that the acquittal in the jury tampering trial created a double jeopardy bar to the conspiracy case, and set forth the facts and indictments in both cases and the relevant instructions from the jury tampering trial.
A hearing was held on the double jeopardy motion on November 25, 1986. At the hearing it was stipulated that, with the exception of the testimony of Milton Tutwiler, the evidence against Griffin would be the same in the conspiracy case as it had been in the jury tampering case. Tutwiler then testified, and his testimony did not contain any additional information. The State then admitted that the evidence it would offer in the conspiracy trial against Griffin was basically the same as the testimony it had offered in the jury tampering trial. In ruling on the motion to dismiss, the trial court found that the evidence in both cases "would be the same," and that "the facts are exactly the same."
In overruling the motion to dismiss, the trial court found that:
[T]here is sufficient difference in the elements of the crime of obstructing justice and the crime of conspiracy for the jury to have found him not guilty of obstructing justice, but still find him guilty of conspiracy to commit that crime. And they are separate crimes. Conspiracy is separate and does not merge into the crime of obstructing justice.
After this adverse ruling on the motion to dismiss, the trial court granted an interlocutory appeal and a stay of trial pending this appeal on Griffin's waiver of the 270 day speedy trial statute.

II.
Effective January 1, 1988, this Court adopted Rule 5(a) Miss.Sup.Ct.R. to govern interlocutory appeals. Rule 5(a) provides in part:
An appeal from an interlocutory order may be sought if the order grants or denies certification by the trial court that a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:
(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or
(2) Protect a party from substantial and irreparable injury; or
(3) Resolve an issue of general importance in the administration of justice.
Using the above guidelines, it can be readily determined that the rule permits *732 the granting of an interlocutory appeal on a question of law in limited circumstances. Although it is not usual that interlocutory appeals are permitted in criminal cases, this Court is not without precedent for doing so. State v. Caldwell, 492 So.2d 575 (Miss. 1986), Harden v. State, 460 So.2d 1194 (Miss. 1984), See also In re Brown, 478 So.2d 1033 (Miss. 1985); In Interest of W.R.A., 481 So.2d 280 (Miss. 1985).
In Abney v. United States, 431 U.S. 651, 661-662, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651, 661 (1977), the United States Supreme Court stated that:
Although it is true that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds lacks the finality traditionally considered indispensable to appellate review, we conclude that such orders fall within the "small class of cases" that Cohen has placed beyond the confines of the final-judgment rule. In the first place there can be no doubt that such orders constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim. There are simply no further steps that can be taken ... to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee. Hence, Cohen's threshold requirement of a fully consummated decision is satisfied.
.....
The rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.
Abney, 431 U.S. at 659-661, 97 S.Ct. at 2040-41 (footnotes omitted); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (Cohen is equally applicable in both civil and criminal proceedings). Additionally, Abney states:
[E]ven if the accused is acquitted, or, if convicted, has his `conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit.' Consequently, if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.
Abney, 431 U.S. at 662, 97 S.Ct. at 2041. (footnote omitted)
In Harden v. State, 460 So.2d 1194 (Miss. 1984), this Court recognized that motions raising issues of double jeopardy warrant interlocutory review. This Court stated:
If Harden has presented us with a double jeopardy violation in his habeas corpus petition, however, it is our duty to interfere, and tell the state he cannot be prosecuted. For, such a grave constitutional violation would be one of those exceptional circumstances obligating this Court to abort trial proceedings.
The double jeopardy right has been interpreted to mean not only is the state prohibited from putting an accused to trial twice for the same crime, but also, if, by the jury's acquittal in the first trial it of necessity had to find in favor of the accused on facts presently relied upon the state in the second trial for another crime, then the second prosecution is prohibited. See Sanders v. State, 429 So.2d 245 (Miss. 1983).
Harden at 1200-01.
As in the Caldwell and Harden cases, this Court is presented another instance in which this defendant seeks an interlocutory appeal to prevent an alleged violation of his constitutional right against twice being placed in jeopardy for the same *733 offense. Considering the defendant's substantial injury as well as judicial efficiency and economy, this Court addresses the merits of this claim on interlocutory appeal.

III.

DID THE TRIAL COURT ERR IN OVERRULING GRIFFIN'S MOTION TO DISMISS ON GROUNDS OF DOUBLE JEOPARDY?
This appeal presents the single issue of whether, under the state and federal constitution the rule in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and Sanders v. State, 429 So.2d 245 (Miss. 1983), an acquittal for aiding and abetting jury tampering presents a double jeopardy bar to a later prosecution based upon the same conduct and charging conspiracy to jury tamper. The Mississippi Constitution, Article 3 § 22 provides:
No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.
The Fifth Amendment to the Constitution of the United States also protects an accused against double jeopardy, and this protection against double jeopardy is enforceable against the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Ashe v. Swenson, 397 U.S. 436, 437, 90 S.Ct. 1189, 1190-91, 25 L.Ed.2d 469, 471 (1970). The language of the federal double jeopardy clause is substantially the same as the Mississippi double jeopardy clause. "This Court enforces rights secured to its citizens by the Constitution of the United States." Sanders v. State, 429 So.2d 245, 248 (Miss. 1983); Bolton v. City of Greenville, 178 So.2d 667, 672 (Miss. 1965).
In the former jury tampering prosecution, Willie Griffin was charged with influencing prospective juror Beverly Powe Hogan. The State attempted to prove the offense by showing that Willie was present in Milton Tutwiler's home when Willie's brother, Melvin, attempted to enlist Tutwiler's assistance in influencing the juror. There was also evidence that Melvin told Tutwiler that "they" had been by to juror Beverly Powe Hogan's house en route to Tutwiler's house. The jury was instructed in the former case that the crime was obstruction of justice by an attempt to tamper with a juror. The jury was instructed that it could convict if it found that Griffin did "any act which is an element of the crime, or immediately connected with it, or leading to its commission, [he] is as much a principal as if he had himself committed the whole offense." (Emphasis added). The jury acquitted Griffin.
In this conspiracy prosecution, the State seeks to introduce the same factual circumstance; the State admitted that the sole evidence it had to implicate Griffin in the conspiracy was proof that he had allegedly attempted to tamper with juror Beverly Powe Hogan. The same facts and testimony had been pursued by the State in the prior prosecution against Griffin which resulted in his acquittal.
The double jeopardy question raised[1] is whether this prosecution is foreclosed by the prior acquittal. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), held that the State cannot put on proof that conflicts with or questions the findings of fact implicit in a prior acquittal because the Fifth Amendment's guaranty against double jeopardy protects a man who has been acquitted from having to "run the gauntlet" a second time. Ashe, 397 U.S. at 446, 90 S.Ct. at 1195; Green v. United States, 355 U.S. 184, 190, 78 S.Ct. 221, 2 L.Ed.2d 199, 205 (1957). The State is forbidden to treat a first trial, at which the defendant is acquitted, *734 as a "dry run" for a second prosecution. Ashe, 397 U.S. at 447, 90 S.Ct. at 1196.
The disposition of this case is controlled by the Ashe "rational jury" test, which is what a rational jury could and could not have decided based upon an examination of what was presented and argued to the jury. Sanders v. State, 429 So.2d 245, 248 (Miss. 1983). As stated in Ashe,
Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.
Ashe, 397 U.S. at 444, 90 S.Ct. at 1194.
The evidence in the jury tampering prosecution at most suggested that Griffin was an accessory before the fact. Miss. Code Ann. § 97-1-3 (1972). The only rational explanation for the jury verdict in the jury tampering prosecution was that the jury believed that there was insufficient proof that Griffin did any act connected with or leading to the crime of attempting to influence juror Beverly Powe Hogan sufficient to make him an accessory. As a matter of common sense that which on the record before us may have suggested that Willie Griffin was a conspirator would similarly have compelled a finding that he was an accessory. Peoples v. State, 501 So.2d 424, 429 (Miss. 1987); Malone v. State, 486 So.2d 360, 363 (Miss. 1986). Because Griffin has been acquitted of the accessory/jury tampering charge, it follows that he may not now be prosecuted for conspiracy to jury tamper consistent with the double jeopardy clause.
The State, by pursuing this conspiracy prosecution, seeks a result which would be irreconcilable with the prior acquittal. By basing its evidence of Griffin's membership in a conspiracy upon his alleged attempt to tamper with juror Beverly Powe Hogan, the State seeks to have Griffin convicted of the exact conduct for which he has been acquitted. The second prosecution, therefore, is barred by double jeopardy, and the trial court erred in denying Griffin's motion to dismiss based on the constitutional guarantee against double jeopardy.
Therefore, the trial court's denial of the motion to dismiss should be reversed and rendered. The conspiracy indictment against Griffin should be quashed, and the defendant discharged.
DENIAL OF MOTION TO DISMISS REVERSED AND RENDERED; CONSPIRACY INDICTMENT QUASHED AND DEFENDANT DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, and BLASS, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] Because collateral estoppel does not work in criminal cases, "[W]e would prefer to cast the Court's decision here in pure double jeopardy terms, never mentioning collateral estoppel." Sanders v. State, 429 So.2d 245, 251 (Miss. 1983). Whether framed in terms of "collateral estoppel"  that the issue of fact has been previously decided unfavorably to the state  or in terms of "double jeopardy"  successive prosecutions for the same criminal conduct  the analysis is identical.