645 So.2d 931 (1994)
STATE of Mississippi,
v.
Benny THOMAS.
No. 92-KA-00401.
Supreme Court of Mississippi.
November 17, 1994.
Manya Creel, Claiborne McDonald, Poplarville, for appellant.
William L. Ducker, Purvis, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
*932 PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
In February, 1991, the Lamar County Grand Jury indicted Benny Thomas for Commercial Burglary under Miss. Code Ann. Section 97-17-33 (Supp. 1991) and Conspiracy under Miss. Code Ann. Section 97-1-1 (Supp. 1991). Thomas was convicted of Commercial Burglary on October 28, 1991, and was sentenced to seven (7) years in the custody of the Mississippi Department of Corrections. On February 5, 1992, Thomas' attorney filed a Motion to Quash Thomas' Conspiracy Indictment based on double jeopardy. The court, by Order, granted Thomas' Motion. From that Order the State appealed and assigned the following as error.

I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE DEFENDANT'S MOTION TO QUASH THE INDICTMENT FOR CONSPIRACY.
Because the trial court incorrectly found that double jeopardy barred the prosecution of Thomas for conspiracy after his conviction for burglary, we reverse and remand for reinstatement of the indictment for the charge of conspiracy.

STATEMENT OF THE FACTS
Officers with the Hattiesburg Police Department were on a surveillance detail in the Tom and Calico Cat on January 13, 1991. While hiding in the store, they heard a crash and looked up from behind the counter to see a broken plate glass window and three males entering the store grabbing arm loads of clothes. Upon seeing the police, all three fled with the goods, but the police successfully apprehended all of them.
In February 1991, a Lamar County Grand Jury separately indicted Ambosy Lee Ramsey, Steve Jasper and Benny Thomas for burglary and conspiracy. Ramsey and Jasper pled guilty to both charges. Subsequently, on October 28, 1991, a Lamar County Jury convicted Benny Thomas of the January 13, 1991, burglary of the Tom and Calico Cat in the Arbor Mall, Hattiesburg, Lamar County, Mississippi.
Thereafter, Thomas filed a motion to quash his conspiracy indictment which alleged that Ambosy Lee Ramsey, Steve Jasper and Benny Thomas conspired to commit the burglary of the Tom and Calico Cat on or about the 13th day of January, 1991. Judge Eubanks in sustaining the motion to quash found the following:
1.
The defendant was convicted of burglary by a jury and is now before the Court on the charge of conspiracy to commit that burglary. The prosecution stated that the evidence for the conspiracy trial be the same as presented in the burglary trial.
2.
This Court has reviewed the cases submitted and those from other jurisdictions and has concluded that the constitutional double jeopardy protection prevents making a person subject to two charges for one offense.
3.
This Court has problems with the same factual situation causing two separate and distinct punishments for essentially the same offense. However, apparently distinctions have been made that conspiracy brings on the added element of action in conjunction with others and that it actually happens at a point in time before the original offense is committed.
4.
In this case however the offense is a Burglary and it carries the greatest punishment. Once a conviction has been effected on that charge, the conspiracy would merge with and become a part of that charge and then could not be prosecuted again.

DISCUSSION OF LAW
During the hearing on the motion to quash, Thomas' attorney argued that since Thomas had been convicted of burglary, he would obviously be convicted of conspiracy and that to do so would be "mere over-kill." *933 Thomas' attorney argued that the State should have first tried Thomas on the conspiracy charge and then proceeded with the burglary charge. Thomas' attorney argued that it was error and a violation of due process and the double jeopardy clause to proceed first with the burglary charge and then with the conspiracy.
Every person has the inviolate right not to be prosecuted twice for the same offense as is recognized in the Fifth Amendment. U.S. Const. amend. V; Harden v. State, 460 So.2d 1194, 1200 (Miss. 1984).[1] The guarantee against double jeopardy does not extend to different prosecutions for different offenses but to repeated prosecutions for same offense. Hughes v. State, 401 So.2d 1100, 1105 (Miss. 1981). The leading United States Supreme Court decision for determining if "different offenses" exist is Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In Blockburger, the Court stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Id. at 304, 52 S.Ct. at 182.
Thomas was indicted under Miss. Code Ann. § 97-17-33 (Supp. 1993) for commercial burglary and Miss Code Ann. § 97-1-1 (Supp. 1993) for conspiracy. Miss. Code Ann. § 97-17-33 (Supp. 1993) requires the breaking and entering of building (including a shop) with intent to steal or commit any felony therein. Miss Code Ann. § 97-1-1 (Supp. 1993) reads as follows:
If two (2) or more persons conspire either:
(a) To commit a crime; or
(h) To accomplish any unlawful purpose, or a lawful purpose by any unlawful means; such persons, and each of them, shall be guilty of a felony and upon conviction may be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than five (5) years, or by both.
"The crime of conspiracy does not become merged in crime committed pursuant thereto." Norman v. State, 381 So.2d 1024, 1028 (Miss. 1980). A conspiracy is a separate, complete offense and the crime is completed once the agreement is formed; no further overt act is required to be shown. Id. Conspiracy to commit a crime is different from the crime that is the object of the conspiracy, the first necessarily involves joint action while the other does not. Moore v. State, 290 So.2d 603 (Miss. 1974).[2] This Court held in Davis v. State, 485 So.2d 1055 (Miss. 1986):
"Conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, the persons agreeing in order to form the conspiracy." Miss. Code Ann. § 97-1-1 (1972). Conspiracy is a complete offense in itself, distinct from the commission of the crime contemplated by the conspiracy and does not become merged with that crime. (emphasis added) Norman v. State, 381 So.2d 1024, 1028 (Miss. 1980), Harrigill v. State, 381 So.2d 619, 621 (Miss. 1980), Martin v. State, 197 Miss. 96, 19 So.2d 488 (1944), Moore v. State, 290 So.2d 603 (Miss. 1974), U.S. v. York, 578 F.2d 1036 (5th Cir.1978), cert. den. 439 U.S. 1005, 99 S.Ct. 619, 58 L.Ed.2d 682 (1979), U.S. v. Cheers, 439 F.2d 1097 (5th Cir.1971).
The offense is complete without showing an overt act in furtherance of the conspiracy. (citations omitted).
Davis, 485 So.2d at 1057-58.
Since double jeopardy bars prosecuting a person for the same crime twice, and because conspiracy and burglary have been shown to be separate crimes, then it necessarily follows that Thomas does not have a double jeopardy claim where Thomas was prosecuted for these two separate crimes. This is true despite the fact that the prosecution *934 chose to prosecute the defendant for these crimes at separate trials.
A plea of former jeopardy cannot succeed unless it is shown that defendant was actually acquitted or convicted in a former trial on the merits of the crime for which he is again sought to be convicted. Wallace v. State, 466 So.2d 900, 902 (Miss. 1985) (citing Mallette v. State, 349 So.2d 546 (Miss. 1977). "The double jeopardy right has been interpreted to mean not only is the state prohibited from putting an accused on trial twice for the same crime, but also, if, by the jury's acquittal in the first trial, it of necessity had to find in favor of the accused on facts presently relied upon by the state in the second trial for another crime, then the second prosecution is prohibited." Harden, 460 So.2d at 1201.
This issue has been addressed in many forms at various times. In Hughes, this Court found that a double jeopardy claim did not arise where the defendant was prosecuted for rape and kidnapping in separate trials. Hughes, 401 So.2d at 1105. Also, in Clemons v. State, 482 So.2d 1102, 1106 (Miss. 1985), the defendant complained that separate prosecutions for sale of cocaine and conspiracy were barred by double jeopardy because they arose out of one transaction. The Clemons Court held that no constitutional right was infringed by the second conviction for conspiracy and upheld the conviction. Id. at 1107. See also Smith v. State, 429 So.2d 252, 255 (Miss. 1983) (applying the Blockburger test and finding that defendant, charged with rape and burglary arising out of the same general set of facts did not violate double jeopardy).
In support of his argument, Thomas cited Griffin v. State, 545 So.2d 729 (Miss. 1989). In Griffin, a Bolivar County Jury indicted Griffin for conspiracy and aiding and abetting jury tampering. Subsequently, a jury acquitted Griffin on the jury tampering charge, and thereafter, the State proceeded on the conspiracy charge. Griffin filed a motion to dismiss based on the double jeopardy which the lower court erred in failing to dismiss because he had been acquitted of jury tampering. This Court stated that "[t]he double jeopardy question raised is whether this prosecution is foreclosed by the prior acquittal." Griffin, 545 So.2d at 733. The Court then added that "the State cannot put on proof that conflicts with or questions the findings of fact implicit in a prior acquittal because the Fifth Amendment's guaranty against double jeopardy protects a man who has been acquitted from having to `run the gauntlet' a second time." Id. (citing Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Because Griffin had been acquitted of jury tampering, the Court held that he could not be tried on the conspiracy charge. Griffin is distinguishable from the case sub judice. First, Griffin involved an acquittal. Second, in Griffin the factual question necessary to convict of conspiracy to commit jury tampering was answered negatively by the jury. In Griffin, the jury was instructed that it could convict if it found that Griffin "`did any act which is an element of the crime, or immediately connected with it, or leading to its commission, [h]e is as much a principal as if he had himself committed the whole offense.' (Emphasis added)." Griffin, 545 So.2d at 733.
Griffin is factually specific. A person could be acquitted on the substantive charge and still be tried on the conspiracy charge as long as the jury did not decide in the substantive charge that there was no agreement to commit the crime. For instance, one could be acquitted on a burglary charge and still have agreed (conspired) to commit the crime. Griffin is limited to the facts of that case.
Thomas argued that under Griffin either an acquittal or a conviction would bar a subsequent conspiracy proceeding. We disagree because the Court's rationale in Griffin would be applicable only with a prior acquittal under the facts of that case.

CONCLUSION
The defendant does not have a valid claim of double jeopardy. The crimes of conspiracy and burglary are separate and distinct; each requiring different elements. The two crimes do not merge. Norman, 381 So.2d at 1028. Thus, the defendant cannot claim he is being prosecuted for the same crime twice. *935 Therefore, this Court finds that the circuit court judge erred by granting the Motion to Quash the Indictment for Conspiracy against Benny Thomas. We reverse and reinstate the indictment for conspiracy against Benny Thomas.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
DAN M. LEE, P.J., Specially concurs with Separate Written Opinion.
DAN M. LEE, Presiding Justice, Specially Concurring:
Benny Thomas was indicted for the commission of two crimes: 1) Commercial Burglary, pursuant to Miss. Code Ann. § 97-17-33 (Supp. 1991); and 2) Conspiracy, under the terms of Miss. Code Ann. § 97-1-1 (Supp. 1991). On October 28, 1991, he was convicted for Commercial Burglary, and sentenced to serve seven years in the Mississippi Department of Corrections. Subsequently, the lower court granted the motion of Thomas' attorney to quash the Conspiracy indictment based upon double jeopardy grounds. The State appealed that action of the lower court, and the majority, today, reverses and reinstates the indictment for Conspiracy against Thomas.
I recognize that conspiracy is a crime in and of itself, and does not merge with the completed crime that was the object of the conspiracy. Davis v. State, 485 So.2d 1055 (Miss. 1986); Norman v. State, 381 So.2d 1024 (Miss. 1980). But, in a situation where the defendant has been convicted of the object of the alleged conspiracy, and no indictment for another substantive offense exists, I find a fundamental problem with prosecution of the conspiracy charge, as it is suggesting of "pyramiding." See Woodward v. State, 533 So.2d 418 (Miss. 1988); Thomas v. State, 474 So.2d 604 (Miss. 1985).
Whenever the formation of the conspiracy is so close, temporally, with the commission of the crime that was the object of the conspiracy, so as to arise out of "a common nucleus of operative facts" I submit that such conspiracy does not obtain separate character for purposes of establishing an independent crime. A fortiori, commission of a crime jointly, by two or more persons, does not, per se, entail conspiracy for which the defendant would necessarily be culpable. Consequently, after a conviction or acquittal of the substantive offense, a subsequent prosecution for the commission of an alleged conspiracy that arises out of the same common nucleus of operative facts would be barred by the Double Jeopardy Clause of the Fifth and Fourteenth Amendments, absent a wholly independent separate offense. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Sanders v. State, 429 So.2d 245 (Miss. 1983).
That proposition has been embraced by this Court in a prior case. There, we stated that:
While recognizing that a substantive offense and conspiracy to commit are two separate offenses, this Court holds that where there is a common nucleus of operative facts existing in both indictments, as here, and where the ultimate fact has been determined in the prior acquittal by a final judgment, a conspiracy trial is barred thereafter under the constitutional double jeopardy provision.
Griffin v. State, 545 So.2d 729, 730 (Miss. 1989) (emphasis added).
It is well established that either a former acquittal or a determination of guilt bar a subsequent trial for the same offense. Consequently, the holding in Griffin cannot be distinguished from other cases by differing outcomes in the first trial  acquittal or a judgment of guilty.
Accordingly, there is no rule that conspiracy may, per se, always be prosecuted in addition to the substantive, or conspired, offense.
NOTES
[1] Defendant found not guilty on charge of murder where victim died in fire at home. Later, the prosecution sought to prosecute the defendant for arson. This Court found that the murder acquittal did not bar later prosecution of the defendant for arson. Harden, 1194 So.2d at 1194.
[2] At least 2 persons must agree for a conspiracy to exist. Id. (emphasis added).