**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2006-CT-00216-SCT**

*JOHN ALLEN BERRY*

*v.*

*STATE OF MISSISSIPPI*

<u>**ON WRIT OF CERTIORARI**</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 01/30/2006 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID CLAY VANDERBURG |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED.  THE JUDGMENT OF DESOTO COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED. CONVICTION OF CONSPIRACY TO POSSESS PRECURSORS AND SENTENCE OF TWO (2) YEARS WITH THREE (3) YEARS POST-RELEASE SUPERVISION, AFFIRMED - 12/11/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     John Allen Berry was convicted of Count I, conspiracy to possess precursors, and

Count II, possession of fifteen grams or more of pseudoephedrine or ephedrine, knowing or

under circumstances where one reasonably should know that the chemicals would be used

to manufacture a controlled substance, by a jury in the Circuit Court of DeSoto County, Mississippi. Berry was sentenced to serve a term of five years on Count II and two years, with three years of post-release supervision, on Count I, with the sentence for Count I to run consecutively to the sentence for Count II, in the custody of the Mississippi Department of Corrections. Berry appealed his conviction as to Count I only, and his appeal was assigned to the Court of Appeals. A divided Court of Appeals reversed and rendered the case as to Count I, conspiracy to possess precursors, only. *Berry v. State*, 2007 Miss. App. LEXIS 422 (Miss. Ct. App. June 19, 2007). The Court of Appeals denied the State's motion for rehearing, and the State then filed a petition for writ of certiorari, which this Court granted.

**FACTS**

¶2. On February 22, 2005, a Walgreens employee notified police that Berry and Lemuel Webb had made a number of purchases of cold medicine containing the ingredients ephedrine and pseudoephedrine at the Southaven, Mississippi, store. As the men left the store, the employee noted the license plate number and gave it to police. The employee testified that Berry had been in the store buying the cold medicine on more than one occasion. According to the employee, Berry and Webb would take turns buying the cold medication. One of the men would stand in the cosmetics aisle and the other man would purchase cold medicine. The police found Berry and Webb sitting in a vehicle in a parking lot near a Fred's store. Webb gave the police consent to search the vehicle. When the police searched the vehicle, they discovered cold medicine containing the ingredients ephedrine and pseudoephedrine.

2

¶3. Thereafter, Berry and Webb were arrested and charged with conspiracy to illegally possess precursors and possession of fifteen grams or more of pseudoephedrine or ephedrine. Berry testified in his own defense and denied entering Walgreens that day. He also denied any knowledge of the purchase of large amounts of cold medicine. He claimed that he merely had driven Webb, who had no driver's license, to pick up medical supplies for Webb's mother-in-law.

## DISCUSSION

¶4. On appeal, Berry argued that his indictment was defective because Count I did not set forth a crime. He contended that possession of precursors alone was not a crime. Since conspiracy requires that two or more persons agree to commit a crime, Berry claimed that there can be no crime when there is no underlying crime upon which to conspire. Further, Berry argued that the indictment failed to set forth all the necessary elements of the crime, including the "intent to unlawfully manufacture a controlled substance." Berry also contended that the indictment failed to give him notice of which precursors he was alleged to have possessed.

¶5. The Court of Appeals agreed and held that the indictment was defective, as the possession of a precursor chemical in and of itself is not a crime. *Berry*, 2007 Miss. App. LEXIS 422, at *2 (¶1). Additionally, the Court of Appeals held that Count I of the indictment failed (1) to notify Berry which precursors were at issue, (2) to charge a necessary element of the crime, and (3) to identify which subsection of Mississippi Code Annotated was at issue for the underlying crime, possession of precursors. Therefore, the Court of Appeals reversed and rendered Count I of the indictment, conspiracy to possess precursors.

3

The Court of Appeals distinguished this case from *Sanderson v. State*, 883 So. 2d 558 (Miss. 2004), to reach its ruling, holding:

> Count I of the indictment charged Berry with conspiring to possess precursor chemicals which were not named or otherwise identified. It did not charge him with conspiring to possess these unidentified precursors with either the intent to manufacture a controlled substance or with knowledge, or under circumstances where he reasonably should have known, that the precursor chemicals would be used to unlawfully manufacture a controlled substance. Further, Count I did not charge Berry with conspiring to possess two hundred fifty (250) dosage units or fifteen (15) grams or more of either pseudoephedrine or ephedrine with knowledge, or under circumstances where he reasonably should have known, that the pseudoephedrine or ephedrine would be used to unlawfully manufacture a controlled substance. We conclude that the wording used in Count I failed to place Berry on notice as to whether he was being charged with conspiring to commit the crime specified in either subsections (1)(a)(I), (1)(a)(ii), or (2)(c)(I) of section 41-29-313. The use of the phrase "precursor chemicals" in Count I precludes the applicability of subsection (2)(c)(I) since this subsection precludes possession of a certain amount of either pseudoephedrine or ephedrine, and the evidence was that the contraband was twenty-four grams of pseudoephedrine, which is only one precursor chemical. As previously noted, Count I failed to identify the precursor chemicals involved, and for reasons already stated, this omission was not supplied by reading Count I in conjunction with Count II. Further, we find that Count I of the indictment fails to charge the necessary element under either of the subsections discussed, leading to the inescapable conclusion that it fails to allege a crime. Therefore, we reverse and render Berry's conviction in Count I but affirm his conviction in Count II.

*Berry*, 2007 Miss. App. LEXIS 422, *13-14 (¶ 12).

¶6. The State filed a petition for writ of certiorari. The State argues that the opinion by the Court of Appeals misapprehended the law regarding the crime of conspiracy. Specifically, the State contends that the Court of Appeals misunderstood how the crime of

4

conspiracy is charged and proved. We agree. In addition, the State argues that the Court of Appeals also misapprehended some facts.[1]

¶7.    The issues before this Court are (1) whether Count I of Berry's indictment, conspiracy to possess precursors, is defective; and (2) whether Count I of the indictment adequately notified Berry of the crime charged against him.

### I.    Indictment.

¶8.    In *Tran v. State*, 962 So. 2d 1237, 1240 (Miss. 2007), this Court stated that "[o]ur review of the legal sufficiency of an indictment is an issue of law, and therefore is reviewed de novo." *Tran*, 962 So. 2d at 1240. Further, in *Gilmer v. State*, 955 So. 2d 829, 836-837 (Miss. 2007), this Court stated:

> An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense.

*Gilmer v. State*, 955 So. 2d 829, 836-837 (Miss. 2007) (citations omitted). In *Havard v. State*, this Court stated an indictment is sufficient provided it contains the following:

> The indictment is held to be sufficient if it contains the seven factors enumerated in URCCC 7.06.
>
> > 1. The name of the accused;
> >
> > 2. The date on which the indictment was filed in court;

---

[1]  The State contends that the Court of Appeals incorrectly referred to the charged crime as conspiring to possess "precursor chemicals." The State maintains that Berry was charged in the indictment with conspiring to possess "precursors." A review of the indictment reveals that Berry was charged with conspiring to possess "precursors," not "precursor chemicals."

5

3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;

4. The county and judicial district in which the indictment is brought;

5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;

6. The signature of the foreman of the grand jury issuing it; and

7. The words "against the peace and dignity of the state."

***Havard v. State***, 928 So. 2d 771, 801 (Miss. 2006).

¶9.  Count I of the indictment charged Berry with conspiracy pursuant to Mississippi Code Annotated Section 97-1-1(a) (2005). This statute defines the crime of conspiracy to be "If two (2) or more persons conspire either: (a) To commit a crime." Miss. Code Ann. § 97-1-1(a) (2005).

¶10.  Count I of the indictment stated:

That JOHN ALLEN BERRY and LEMUEL W. WEBB, III, Late of the County and State aforesaid, on or about the 22nd day of FEBRUARY, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, corruptly agree, conspire and confederate, each with the other and divers others to the Grand Jury unknown, to commit a crime, to-wit: Possession of Precursors, in direct violation of Section 97-1-1(a), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

¶11.  Count II of the indictment stated:

That JOHN ALLEN BERRY and LEMUEL W. WEBB, III, Late of the County and State aforesaid, on or about the 22nd day of FEBRUARY, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, knowingly and intentionally possess, purchase, transfer, or distribute fifteen (15) grams

6

in weight of pseudoephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance, in direct violation of Section 41-29-313, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

¶12. In *Sanderson*, this Court held that "the elements of a conspiracy require 'recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose.'" *Sanderson*, 883 So. 2d at 560 (quoting *Peoples v. State*, 501 So. 2d 424, 428 (Miss. 1987)). "In order to prove a conspiracy under Miss. Code Ann. § 97-1-1, the State was required to show that two or more persons agreed to commit a crime or agreed to accomplish an unlawful purpose." *Morgan v. State*, 741 So. 2d 246, 255 (Miss. 1999) (citing *Johnson v. State*, 642 So. 2d 924, 928 (Miss. 1994)).

¶13. In *Morgan*, this Court further held:

The State was required to prove that Morgan knew that he was entering a common plan and intended to further its common purpose. *Mitchell v. State*, 572 So. 2d 865, 867 (Miss. 1990). The prosecution was not required to show that the parties entered an express or formal agreement. A conspiracy can be proven by the acts and conduct of the alleged conspirators and can be inferred from the circumstances. *Johnson v. State*, 642 So. 2d at 928; *Mitchell v. State*, 572 So. 2d at 867; *Rose v. State*, 556 So. 2d 728, 735 (Miss. 1990). Finally, once the existence of a conspiracy is shown, only slight evidence is required to connect a particular defendant with the conspiracy. *United States v. James*, 528 F.2d 999, 1012 (5th Cir. 1976).

*Morgan*, 741 So. 2d at 256.

¶14. In *Farris v. State*, 764 So. 2d 411, 421 (Miss. 2000), this Court held that where the indictment tracked the language of the conspiracy statute, Mississippi Code Annotated Section 97-1-1, the defendant was sufficiently notified of the charge he was facing, allowing the defendant to prepare a defense.

7

¶15. In *Farris*, 764 So. 2d at 428-29, this Court further stated:

> We have defined the crime of conspiracy as follows: "Conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, the persons agreeing in order to form the conspiracy. The offense is complete without showing an overt act in the furtherance of the conspiracy." *Griffin v. State*, 480 So. 2d 1124, 1126 (Miss. 1985). The parties to the conspiracy must understand that "they are entering into a common plan and knowingly intend to further its common purpose." *Id*. And finally, "the agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators." *Id. See also Clayton v. State*, 582 So. 2d 1019 (Miss. 1991).

"So long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient." *Farris*, 764 So. 2d at 421; *see also Sanderson*, 883 So. 2d at 561.

¶16. In Berry's case, the indictment met the seven requirements of Mississippi Uniform Circuit and County Court Rule 7.06 as set forth in *Havard*. *See Havard*, 928 So. 2d at 801; Miss. Unif. Cir. & Cty. R. 7.06. Further, this Court in *Thomas v. State* held that "Conspiracy is a complete offense in itself, distinct from the commission of the crime contemplated by the conspiracy and does not become merged with that crime." *State v. Thomas*, 645 So. 2d 931, 933 (Miss. 1994) (quoting *Davis v. State*, 485 So. 2d 1055, 1057-58 (Miss. 1986)). This Court in *Thomas* also stated:

> "The crime of conspiracy does not become merged in crime committed pursuant thereto." *Norman v. State*, 381 So. 2d 1024, 1028 (Miss. 1980). A conspiracy is a separate, complete offense and the crime is completed once the agreement is formed; no further overt act is required to be shown. *Id*. Conspiracy to commit a crime is different from the crime that is the object of the conspiracy, the first necessarily involves joint action while the other does not. *Moore v. State*, 290 So. 2d 603 (Miss. 1974).

8

***Thomas***, 645 So. 2d at 933. Therefore, the State had to prove that Berry made an agreement with one or more persons to commit a crime.

¶17. The Court of Appeals distinguished the facts of Berry's case from this Court's opinion in ***Sanderson***, 883 So. 2d 558. We do not agree. We find that ***Sanderson*** is directly on point.

¶18. In ***Sanderson***, Sanderson had a two-count indictment for conspiracy to commit aggravated assault and aggravated assault. ***Id***. at 560. A jury convicted him on both counts. ***Id***. On appeal, the Court of Appeals affirmed the aggravated-assault conviction; however, it held that the indictment for conspiracy was insufficient because the conspiracy count failed to name the assault victim. ***Id***. In ***Sanderson***, this Court accepted the petition for writ of certiorari after the Court of Appeals reversed Sanderson's conspiracy conviction. ***Id***. at 559. This Court found that the crime of conspiracy required "recognition on the part of the coconspirators that they are entering into a common plan and knowingly intend to further its common purpose." ***Id***. at 560 (quoting ***People v. State***, 501 So. 2d 424, 428 (Miss. 1987)). Furthermore, this Court held that the victim's name is not an element of the crime of conspiracy. ***Id***. at 561. The Court also held that "[c]ount one clearly identified the victim of the aggravated assault, and the next count leads a reasonable person to believe that the conspiracy was based on the aggravated assault." ***Id***. This Court determined that the Court of Appeals had erred because the indictment, as a whole, gave Sanderson sufficient notice of the crimes charged against him, and the victim's name was not necessary in the conspiracy count. ***Id***.

9

¶19. The Court of Appeals' opinion found that the indictment was insufficient, in part, due to a failure to include the language "intent to unlawfully manufacture a controlled substance." We disagree that this omission renders an indictment insufficient. We find that the elements of the crime of conspiracy are separate and distinct from the elements of the underlying crime in Count II, which is the basis of the conspiracy charge. In this case, the crime of conspiracy and the crime of possession of precursors are inherently different, and the crime of conspiracy does not merge with the crime of possession of precursors. *See Thomas*, 645 So. 2d at 933. While a defendant must be informed of the underlying crime to which he conspired, the prosecution does not have to prove every element of the underlying crime in order to prevail on a conspiracy charge. *Thomas*, 645 So. 2d at 933. To require otherwise effectively would make a conspiracy charge obsolete by merging it with the underlying crime. *See Thomas*, 645 So. 2d at 933. Therefore, the indictment did not have to include the language that Berry had possessed precursors with the intent to manufacture a controlled substance or with knowledge, or under circumstances where he reasonably should have known, that the precursor chemicals would be used unlawfully to manufacture a controlled substance. We find that Count I of the indictment was not insufficient for failure to provide a necessary element of the crime. This language is an element of the underlying crime of possession of a precursor, not conspiracy. Furthermore, this Court's ruling in *Sanderson*, in which this Court held that the name of the victim is not a necessary element of the crime of conspiracy to commit aggravated assault for conviction, is similar to Berry's case. Berry's indictment did not have to include the name of the precursors or the element "intent to unlawfully manufacture a controlled substance," since

10

these are not elements of the crime of conspiracy. The absence of the names of the precursors in Count I of the indictment will be discussed in Issue II.

¶20. Furthermore, Berry contended, and the Court of Appeals agreed, that the underlying crime of possession of precursors actually was not a crime at all, therefore, no conspiracy occurred, as there was no crime in which to conspire. However, the indictment charged Berry with "unlawfully and feloniously" conspiring to commit the crime of possession of precursors. This Court has held that "[t]he term feloniously means unlawfully with the intent to commit a felony-grade crime." *Allman v. State*, 571 So. 2d 244, 248 (Miss. 1990). *See Deal v. State*, 589 So. 2d 1257, 1260 (Miss. 1991) (felonious "means done with criminal intent"). Therefore, the indictment notified Berry that he was charged with felonious possession of precursors, not mere possession of precursors. This language also informed Berry of the specific criminal intent of the crime.

¶21. The Court of Appeals also held that conspiracy to possess precursors is not a crime in certain situations. The Court of Appeals held:

> Conspiring to possess either pseudoephedrine or ephedrine is not a crime unless the amount possessed is two hundred fifty (250) dosage units or fifteen (15) grams in weight and the possessor knows, or under circumstances reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance. Miss. Code Ann. § 41-29-313(2)(c)(i).

*Berry v. State*, 2007 Miss. App. LEXIS 422 at *9. Again, the indictment stated that Berry "unlawfully and feloniously" had conspired with others to commit the crime of possession of precursors. Pursuant to Mississippi case law, the crime of conspiracy is complete when two or more people enter into a "common plan and knowingly intend to further its common

11

purpose.'" **Sanderson**, 883 So. 2d at 560; **Morgan**, 741 So. 2d at 256. The crime of conspiracy is complete when there is evidence of an agreement. **Thomas**, 645 So. 2d at 933. Once there is an agreement, no overt act in furtherance of the conspiracy is required to prove the crime. **Id**. Consequently, the elements of conspiracy and the elements of the underlying crime, possession of precursors, are not the same. The State did not have to prove that Berry actually possessed *any* precursors, let alone a certain amount of precursors, in order to prove the crime of conspiracy. The State only had to prove that two or more persons agreed to commit a crime. Miss. Code Ann. § 97-1-1 (Rev. 2006). The State did not have to prove an overt act. *See **Thomas***, 645 So. 2d at 933. Furthermore, the State did not have to prove a quantity of precursors in Berry's possession in order to prove conspiracy to possess precursors. In contrast, the Court of Appeals referred to elements necessary to prove the crime of possession of precursors, Count II, not conspiracy.

**II.    Notice.**

¶22.    Berry argued, and the Court of Appeals agreed, that Count I of the indictment failed to name the specific precursors and did not place Berry on notice of the crime he allegedly committed.

¶23.    At trial, Berry's counsel argued that Count I did not name which precursors were at issue; therefore, the indictment was deficient. The trial court ruled in part:

> As to Count 1, the Court finds that Count 1 of the indictment, first and foremost, does clearly advise the Defendant of what crime he is charged with. It clearly sets forth that he is charged with conspiracy and clearly sets forth the appropriate code section for conspiracy. As to the allegation in the indictment as to what he's charged with, the statement I believe [defense counsel] refers to is possession of precursors. The Court finds that the indictment as a whole clearly advises Mr. Berry of what he is charged with in that Count 2 of the

12

indictment clearly sets forth the precursor charge to which Mr. Berry is being charged.

Apparently -- I assume that [defense counsel] argues that the charge for pseudoephedrine or ephedrine under 41-29-313 is not a -- I guess he's arguing it's not a precursor charge. The Court finds that is under the precursor statute: that he is charged under the precursor statute with possession of, on the face of the indictment, the requisite amount of pseudoephedrine or ephedrine, and that Count 1 refers to possession of precursors, which are clearly described in Count 2. I find the indictment, as to the objection, is sufficient, and I'll deny the motion to strike or dismiss Count 1.

¶24. Without reciting the exact language of Count I and Count II of the indictments in Issue I, Count I of the indictment identified the underlying crime of the conspiracy, possession of precursors. Count II of the indictment specified pseudoephedrine or ephedrine as the precursors Berry unlawfully had in his possession. "So long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient." **Farris**, 764 So. 2d at 421; *see also* **Sanderson**, 883 So. 2d at 561. When read as a whole, Count I and Count II of the indictment adequately described and notified Berry of the charge against him. Furthermore, Count II of the indictment plainly stated that Berry was charged with possession of precursors pursuant to Mississippi Code Annotated Section 41-29-313 (Rev. 2005). Count II of the indictment also set forth the names of the precursors. Again, when Count I and Count II of the indictment are read as a whole, Berry had notice of the statute at issue. **Farris**, 764 So. 2d at 421; *see also* **Sanderson**, 883 So. 2d at 561.

## CONCLUSION

¶25. For the foregoing reasons, the Court of Appeals erred by reversing and rendering Berry's conviction for Count I of the indictment for conspiracy to possess precursors.

13

Therefore, the judgment of the Court of Appeals is reversed, and the judgment of the DeSoto County Circuit Court is reinstated and affirmed.

¶26.   **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED. CONVICTION OF CONSPIRACY TO POSSESS PRECURSORS AND SENTENCE OF TWO (2) YEARS WITH THREE (3) YEARS OF POST-RELEASE SUPERVISION, AFFIRMED.**

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J. LAMAR, J., NOT PARTICIPATING.**

**DIAZ, PRESIDING JUSTICE, DISSENTING:**

¶27.   Because the majority misapprehends this Court's precedent regarding sufficiency of indictments and sets dangerously problematic precedent, I respectfully dissent from today's decision.

¶28.   The right of a criminal defendant to an apprisal of the charges he faces is as old as our republic itself. U.S. Const. amend. V. But this guarantee is no ancient procedural courtesy. A formal, complete indictment proves a court's jurisdiction in a case, *see Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990); alerts a defendant to the precise conduct by which the State alleges he violated the law, so that he may prepare an adequate defense, *Berger v. United States*, 295 U.S. 78, 82, 55 S. Ct. 629, 79 L. Ed. 1314 (1935) (citations omitted); and notifies him of conduct for which he has faced prosecution already, so that he may avoid double jeopardy. *Id.* Notwithstanding the technical obstacles that Berry's indictment arguably has hurdled, *see* Maj. Op. at ¶8 (citing Miss. Unif. Cir. & Cty. R. 7.06), the indictment's first count undoubtedly leaves its reader at a loss to explain precisely where Berry went afoul of the law.

14

¶29.    A charge of conspiracy inherently consists of two prongs – an agreement and an underlying crime. *See State v. Thomas*, 645 So. 2d 931, 933 (Miss. 1994). This is the reason that our courts do not recognize a merger between conspiracy and the crime for which perpetrators conspired – because a common agreement between criminals poses a danger to society altogether separate from the illegal act that they undertake. *Id.* (citing *Norman v. State*, 381 So. 2d 1024, 1028 (Miss. 1980)). That danger does not exist when agreed-upon activity is not illegal, and so it is axiomatic that actors do not commit criminal conspiracy when they conspire to commit an act that is not illegal through means that are not illegal. *See Morgan v. State*, 741 So. 2d 246, 255 (Miss. 1999).

¶30.    Therefore, an indictment for criminal conspiracy fundamentally bungles its advisory function when it fails to allege an agreement to commit a crime. In the case at bar, the first count of Berry's indictment undoubtedly fails in precisely this respect. The description of both the existence of the conspiracy and Berry's alleged willful agreement thereto are adequately detailed, but the crime which the indictment accuses Berry of conspiring toward – "possession of precursors" – is no crime at all. Certainly, anyone under the jurisdiction of this state commits a crime when he conspires to possess precursors with the intent to manufacture a controlled substance, Miss. Code Ann. § 41-29-313 (Rev. 2005), but this act is a far cry from the act of mere possession of precursors. As the facts of this case demonstrate, the first count of the indictment, if held to be sufficient, would be enough to snare an untold number of sniffling Walgreens shoppers every day.

¶31.    The majority insists that this shortcoming is immaterial by resting on our holding in *Farris v. State*, 764 So. 2d 411 (Miss. 2000), in which we found a conspiracy indictment to

15

be legally sufficient. *Id.* at 421. The majority suggests that we held in *Farris* "that where the indictment tracked the language of the conspiracy statute, . . . the defendant was sufficiently notified of the charge he was facing . . . ." Maj. Op. at ¶14. With all due respect, this is a misstatement of that holding. The fact that the conspiracy indictment in *Farris* tracked the conspiracy statute certainly contributed to our judgment that the indictment was legally sufficient, but we also considered whether "the offense was clearly described" and whether the indictment "sufficiently notified Farris of the charge against him, thus enabling him to prepare a defense." *Farris*, 764 So. 2d at 421. In *Farris*, the indictment's detailed description of the defendant's criminal agreement accompanied an account of the underlying illegal acts and the criminal intent thereof.

¶32.   But in the case at bar, the first count of Berry's indictment altogether omits any reference to underlying criminal intent – specifically, the intent to manufacture a controlled substance, which would have rendered precursor possession a criminal act. This failure renders the indictment no less insufficient than if the grand jury had indicted Berry for possession of a baseball bat; the mere fact that a baseball bat may be used in criminal activity does not in and of itself render illegal a conspiracy to acquire one.

¶33.   Apparently operating under this realization, the majority relies heavily on our holding in *Sanderson v. State*, 883 So. 2d 558 (Miss. 2004), a case which, like that at bar, addressed the sufficiency of an indictment for criminal conspiracy and the underlying crime itself. Although the indictment for conspiracy named Sanderson's victim, his indictment for the aggravated assault itself mentioned no name, and he therefore contended before us that his indictment for conspiracy failed to allege a critical element. *Id.* at 560. The Court of Appeals

16

agreed with Sanderson, but we reversed for two reasons – because a victim's name is not an element of the crime of conspiracy, *id.* at 561, and because the victim's name appeared in the other count of the indictment, thereby "as a whole provid[ing] Sanderson with sufficient notice regarding the charges against him . . . ." *Id. See also Farris*, 764 So. 2d at 421 ("So long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient.").

¶34. Neither of these reasons applies to the case at bar, because Sanderson's indictment listed the critical elements of both conspiracy and aggravated assault. The element omitted from the first count of Berry's indictment – namely, intent to commit an underlying crime – is a crucial element of conspiracy. "Conspiracy is a combination of two or more persons to accomplish an unlawful purpose . . . ." *Peoples v. State*, 501 So. 2d 424, 428 (Miss. 1987) (quoting *Griffin v. State*, 480 So. 2d 1124, 1126 (Miss. 1985)). But if an indictment fails to enunciate that unlawful purpose, as did the first count of Berry's indictment, then it fundamentally fails to describe sufficiently the crime of conspiracy.

¶35. The second count's mention of intent to manufacture a controlled substance does not save the first count's failure because the statute that Berry allegedly violated in Count 2 actually lists two separate crimes – therefore leaving unclear the degree of intent with which the grand jury alleges Berry acted in the first count. Subsection (1)(a)(I) of Mississippi Code Annotated Section 41-29-313 makes a crime of "knowingly or intentionally purchas[ing] . . . any two or more of the [chemicals listed in Subsection (b)] in any amount with the intent to unlawfully manufacture a controlled substance." Miss. Code Ann. § 41-29-313(1)(a)(I) (Rev. 2005). Subsection (1)(a)(ii) makes a crime of the same act, but "knowing or under

17

circumstances where one reasonably should know that the listed precursor chemical or drug will be used to unlawfully manufacture a controlled substance." *Id.* at (1)(a)(ii). Arguably, the second count of Berry's indictment does not even describe this crime sufficiently, because the indictment alleges he sought "pseudoephedrine *or* ephedrine," rather than the two or more chemicals required for a conviction under Section 41-29-313. While the sufficiency of the indictment's second count is not a question before us, the confusion left open by Count 2 certainly does not provide the sort of information that a reasonable reader would need to fill in the informative gaps left by Count 1. The indictment's first count, therefore, is insufficient to sustain a criminal conviction because it does not allege sufficiently a criminal act.

¶36. Today's decision, though doubtlessly rooted in the purest of intentions to save indictments from their authors' oversights, opens the door to problems that highlight the need for strict review of these questions. In the case of a serial bank robber, suppose that the State were to hand down a two-count indictment – one count for one of his specific robberies, and another count merely for conspiracy to rob a bank. The defendant might assume that the conspiracy count refers to the same bank for which he faces the robbery charge, but this would allow the prosecution to spring an ambush on the day of trial by focusing its conspiracy case on a completely separate bank robbery. This result flies in the face of courts' longstanding respect for an indictment's purpose of alerting defendants to the specific conduct for which they have been brought to stand trial, *see **Berger v. United States***, 295 U.S. 78, 82, 55 S. Ct. 629, 79 L. Ed. 1314 (1935) (citations omitted), but it is precisely the result sanctioned by the majority's decision.

¶37.    To reach this case's correct conclusion, we need not disturb our long-held practice of analyzing questions such as these with "a fair reading of the indictment, taken as a whole," *Farris*, 764 So. 2d at 421, nor need we rebuke our recognition in *Sanderson* that factual details from one count in a multi-count indictment may be considered to fill in gaps in another count to determine whether an indictment "provide[s a defendant] with sufficient notice regarding the charges against him." *Sanderson v. State*, 883 So. 2d 558, 561 (Miss. 2004). But we have never held, as does today's majority, that a fundamentally insufficient charge within a multi-count indictment may be saved by another charge's sufficiency. Just as a lone illuminated bulb on a string of Christmas lights does not redeem its unlit neighbors, the adequacies of some charges in a multi-count indictment do not save the fundamental inadequacies of others.

¶38.    The Court of Appeals correctly reached this conclusion. Because I would affirm its decision to reverse the judgment of the DeSoto County Circuit Court, I respectfully dissent.

**GRAVES, J., JOINS THIS OPINION.**